## THE ALBANY CITY FIRE INSURANCE COMPANY

*v.*

## MARTIN KEATING.

1. FIRE INSURANCE—*of power to cancel the policy.* Where a policy of insurance contains an express provision that, if during the term of the policy the risk is increased in the manner named in such provision, the company may elect to

terminate the policy, upon notice of their intention to do so, and the company should elect to give notice of such intention, their risk having been increased in the manner named in such provision, the liability of the company would terminate upon giving such notice.

2.  SPECIAL PLEA—*presumption as to whether the subject matter thereof was admitted under the general issue.* When a special plea has been held insufficient by the judgment of the court, the presumption could not be indulged that the defence had been admitted under the general issue, although the subject matter of the special plea was admissible under the general issue.

WRIT OF ERROR to the Court of Common Pleas of the City of Cairo; the Hon. JOHN H. MULKEY, Judge, presiding.

The facts are sufficiently stated in the opinion of the court.

Messrs. O'MELVENY & HOUCK, for the plaintiff in error.

Messrs. ALLEN & WEBB and Mr. D. T. LINEGAR, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by Martin Keating, in the court below, against the " Albany Fire Insurance Company," on a policy of insurance issued by plaintiff in error, for a loss by fire. To the declaration in the court below, the company filed the general issue, and a number of special pleas. These pleas set up a condition in the policy, which is this: " If during the insurance, the risk be increased by the erection of buildings, or by the use or occupation of neighboring premises, or otherwise, or from any other cause, if the company shall so elect, it shall be optional with the company to terminate the insurance after notice is given to the assured, or his representatives, of their intention to do so, in which case the company will refund a ratable proportion of

the premium. The second plea avers that the company did, on the 15th day of May, 1866, give notice that they would cancel the policy and refund a ratable proportion of the premium, and that they did tender the same on the next day. After reciting the condition, the third plea avers that a city pump and works were erected within one hundred feet of the house insured, in which fire was employed, which increased the hazard of the building, and that the company, on the 15th day of May, 1866, notified defendant in error, that they had elected to terminate his policy, and that on the next day they tendered to him the ratable proportion of the premium.

The fourth plea, like the others, recites the same condition in the policy; avers the issuing of a previous policy on a survey that described the building as being occupied as a dwelling and saloon; that the first policy expired on the 10th day of April, 1866, and that on that day defendant in error represented that the survey first made was in all respects correct, and that the property was occupied as it had been when the survey was made. And the plea avers that it was not only occupied as a dwelling and a saloon, but also as a boarding house, which increased the hazard; and that they had canceled the policy and made the tender as averred in the other pleas.

The fifth plea avers, that defendant in error, to procure an insurance at a low rate of premium, when this policy was issued, concealed the fact that a city pump had been erected, so as to render the risk more hazardous, by its being propelled by a steam engine, than it was when the previous policy was issued, and that the policy sued on was issued on the survey upon which a former policy had been issued; and that by the terms of the contract they had the right to elect to cancel the policy and refund a ratable proportion of the premium; and that they did elect to cancel the policy, and refund a ratable proportion of the premium; and this plea avers notice and tender in the same manner as is done in the other pleas. To

these pleas a several demurrer was interposed and sustained by the court. Plaintiff in error abiding by the demurrer, a trial was had under the plea of the general issue, resulting in a judgment in favor of defendant in error, from which this appeal is prosecuted.

Did plaintiff have the right to cancel this contract of insurance under the condition contained in the policy? If, as the pleas aver, the risk was increased by the erection of the building connected with the pump, then there would seem to be no doubt as to the power. The language is broad and comprehensive, and in terms confers the power, if the risk is increased by either of the means enumerated, whether it be by the erection or occupation of other buildings, and to make the power more general, it declares they may do so if the risk is otherwise increased. If the risk was increased by this erection, then they had the right, and it was properly exercised. The pleas averred that the risk had been otherwise increased, and specified the manner in which it had been done, and, if proved to be true, it justified the company in canceling the policy.

It is, however, insisted, that although the pleas may have presented a defence, they only amounted to the general issue, and the evidence could have been given under that plea. In the case of *Hamlin* v. *Reynolds*, 22 Ill., 207, it was urged, that the defence set up by a special plea, to which a demurrer had been sustained, could have been given in evidence under the general issue. But this court held, that as the plea had been adjudged insufficient by the judgment of the court, the presumption could not be indulged that the defence had been admitted. When the court has, in the course of a trial, solemnly decided a question, it must be presumed that it was adhered to, unless the record rebuts the presumption. In this case there is nothing which shows that the court below had changed this decision so as to permit the introduction of

evidence of the facts averred in the special pleas, even if they were admissible.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*