THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY

*v.*

HENRY S. BAKER.

1. LIFE INSURANCE—*right to have a paid-up policy.* Where a party takes a policy of insurance on his life for five years, with the privilege, at any time after the payment of three annual premiums, of taking a paid-up policy by a surrender of the original policy, if he wishes to avail himself of this privilege he must do so before the policy expires. If he

waits the expiration of five years, his rights will be gone, and he will have nothing to surrender for a paid-up policy.

2. Money had and received—*when it lies.* The count for money had and received can not be maintained if the contract has been in part performed, and the plaintiff has derived some benefit, and by recovering a verdict the parties can not be placed in the exact situation in which they originally were when the contract was entered into.

3. Under a life policy of insurance for five years, with a provision that the assured may, after making three annual payments, receive a paid-up policy by surrendering the original, for the amount of the premiums paid, less the amount of his unpaid notes and interest, the assured can not maintain an action for money had and received for a refusal to give him a paid-up policy, even if he has surrendered the original policy.

4. Measure of damages—*refusal to give paid-up policy of insurance.* If a policy of insurance provides that the assured, after the payment of three annual premiums and the surrender of the original policy, may have a paid-up policy for the amount of the premiums actually paid, subject to the unpaid notes given, the measure of damages for a refusal to give a paid-up policy after performance of the conditions precedent, is not the amount of the premiums paid, less the notes given, but the actual value of such a policy.

Appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

On October 7, 1870, the appellant assured the life of appellee in the sum of $2500, for the benefit of his wife and children. The contract, as purported by the policy, is between appellant and the wife and children of appellee. The policy was continued in force for five years, by the payment of premiums in notes and cash, the notes still remaining unpaid. The policy contained the following provision:

" And the said company do further promise and agree, that if, after having received not less than three (3) annual premiums, this policy shall be surrendered while in force, a new policy will be issued for the whole amount of even dollars of premiums received by the said company (subject to any indebtedness on account of premiums), without subjecting the assured to any subsequent charge, except the interest annually, in advance, on all indebtedness on this policy."

On October 5, 1874, appellee wrote a letter to Henry H. Koon, the agent of appellant at Chicago, in which he said:

" * * * It looks to me, at least, less trouble to have a paid-up policy; therefore, what will you cancel my present policy for, and give me one for the same amount, all paid up? Or, if I should add a policy for $2500 more insurance, what would that be, *paid up?* Or, again, for what amount will you issue me a policy paid up, and cancel the one I now hold? If, however, I should not effect either of the above arrangements, I would still desire to surrender my present policy and take a new one under the conditions therein, provided I understand those conditions, and they mean nothing more than what is expressed. Let me hear from you, and oblige yours truly,

" HENRY S. BAKER."

Appellee testified this was the only offer he ever made to surrender the policy. He also testified, that a short time after, he saw said Koon, and asked him if he had received the letter; that Koon said he had, and would attend to the matter; that he was coming to Alton soon, and would attend to it for appellee, and that this was the last that he heard or knew of the matter until in 1875, when he got a card from the office of the company at Chicago, from Allen G. Fowler, superintendent of agencies, notifying him that the premium on the policy, $76.09 cash, would be due on the 7th day of October, 1875, at that office. On October 7, 1874, appellee paid the premium, continuing the policy in force until October 7, 1875.

Appellee testified that he replied to this card, and on the 6th of October, 1875, wrote again to Koon. This letter to Koon, after referring to appellee's former letter to him of October 4, 1874, and saying that his request had not been complied with, or any attention paid to it, demands that the policy should be canceled, and that the company should remit to him all premiums theretofore paid, with interest thereon, and return or cancel the notes which he had given. Whereto Mr. Fowler replied as follows:

"CHICAGO, *Oct.* 25, 1875.

"HENRY S. BAKER, ESQ.

"*Dear Sir:* Referring to your letter dated Oct. 6th, and mailed Oct. 23d, I would state that the contract to which you allude requires the *surrender* of the policy while in force, to secure a 'paid-up.' I regret that Mr. Koon has failed to reply to your letters, and will, if you wish, forward your policy for such change as the contract provides for.

"Truly yours,

"A. G. FOWLER."

Appellee explains as to this last letter to Koon being dated October 6, 1875, and mailed on the 23d of October, that it was not ante-dated, but laid on the table and forgotten. It was in evidence by Koon, that there was a year, from 1874 to 1875, when he was not employed by the company.

In answer to the last letter from Fowler, appellee wrote:

"ALTON, *Oct.* 30, 1875.

"ALLEN G. FOWLER, *Phœnix Life Ins. Co., Chicago.*

"*Dear Sir:* I most certainly offered to surrender up my present policy while in force, but your company would not accept it. To avoid trouble, however, please let me know what a paid-up policy will amount to, or you can send me one, and if not satisfactory I can return it.

"Yours truly,

"HENRY S. BAKER."

Mr. Fowler replied:

"CHICAGO, *Nov.* 1, 1875.

"HENRY S. BAKER, ESQ.:

"*Dear Sir:* It will be necessary, in order to secure a paid-up policy on 4783, to return the same to the company, at Hartford, or through me; also, to execute and return with it the inclosed receipt. You can not choose which you will do after the policy is issued, but must decide promptly, as, by strict interpretation, all your rights under the policy ceased October 7th.

"Yours truly,

"A. G. FOWLER."

This closed the communication between the parties, and, without anything more, appellee, on March 6, 1876, commenced this suit against the company to recover the amount of cash premiums paid, and recovered a verdict and judgment for $388.97. The defendant appealed from the judgment.

Messrs. Metcalf & Bradshaw, for the appellant.

Mr. John G. Irwin, and Mr. Henry S. Baker, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

The declaration contains but one count—the count for money had and received.

The theory of the suit is, that there was here a surrender of the policy, or what was its equivalent; that the insurance company violated its contract in not, thereupon, issuing a "paid-up" policy; that any violation of the terms of a special contract will authorize the other party to rescind it; that appellee has, accordingly, rightfully rescinded the contract, and is entitled to recover back all money paid under the rescinded contract.

The mistake of the appellee is in regarding the premiums as having been paid for a paid-up policy, and that the entire consideration for the premiums was the issuing of a paid-up policy. Were this so, and the consideration had entirely failed, then the action for money had and received would well lie to recover money paid for a consideration which had failed. But the consideration for the premiums paid here, was the carrying of the life policy of appellee for five years. If, at any time during the five years, appellee had died, the company would have had to pay to his wife and children $2500. It was for this risk, which the company carried for five years, that the premiums were paid. The privilege of surrender of the original policy, and receiving a paid-up policy for the amount of premiums paid, might be a desirable one for the assured to possess, but it was a minor incident of the contract, and insig-

nificant as respects consideration, probably forming no appreciable element in fixing the amount of the premiums which were paid. The evidence justifies the remark, as there is the uncontradicted testimony of a witness familiar with the business of life insurance, and the life tables on which it is based, and knowing the cost of carrying the life policy, that it was worth as much as all the money paid to carry the life policy of appellee for the five years.

The risk, here, has been carried for five years; the consideration for the premiums paid, received and enjoyed; it is past recall or restoration; the parties can not be put in the same situation they were in when the contract was made, and it is no such case where a contract can be rescinded by one party for the default of the other. *Hunt* v. *Silk*, 5 East, 448; 2 Chit. Cont. 1092–3.

The count for money had and received, is not maintainable if a contract has been in part performed, and the plaintiff has derived some benefit, and by recovering a verdict the parties can not be placed in the exact situation in which they originally were when the contract was entered into. 1 Chit. Pl. 387. There is a special contract here, and the alleged breach of it is the *gravamen* of the action. In the case of *Russell* v. *Gillmore*, 54 Ill. 148, this court said: " It was never allowed to a plaintiff to recover in such action (for money had and received), in a case where there was a special contract, the breach of which was the *gravamen* of the action."

There was no warrant for the amount of damages found by the jury.

The agreement of the company was, that after performance of the conditions precedent, it would issue a paid-up policy for the whole amount of even dollars of premiums received, subject to all indebtedness on the original policy. If the conditions precedent were performed, then the company broke its contract in not issuing the paid-up policy, and the damages recoverable for the breach of the contract would be the damage in not having such a paid-up policy—that is, the value of such a policy. It by no means follows that its value would

be the whole amount of the premiums which had been paid to the company. They would be in no way a measure of the damages. The annual payments under the original policy, as therein provided, were $99. They were made, for the most part, partly in cash and partly by note. Thus, the five pay-. ments, in cash, amount to $309.43.

There are four outstanding notes against appellant, of $49 each. Without stopping to consider what would be the precise sum for which the paid-up policy should issue if the plaintiff were entitled to one, allowing that it should be for the largest sum that can be claimed, the whole amount of the five annual payments, of $99 each, it would then be for $495, their aggregate amount, not payable until the death of. the assured, and to be subject, by the terms of the provision in the policy, to the deduction of the indebtedness on the four notes of $196, leaving the sum *then* to be received only $299; and yet the verdict is for $388.97, making the present value. in a sum payable presently, of $299, payable at the death of the assured, to be $388.97. The amount of the damages is utterly unwarranted, and palpably calculated on an erroneous basis.

Upon the assumption, then, that, even had appellee performed the condition precedent of making a surrender of his policy, we find that this form of action for money had and received is not maintainable, and that the damages are manifestly excessive.

The assessment of damages was in accordance with the instruction of the court below, that they should be to the amount of premiums paid, and interest thereon. The instruction was erroneous.

We need. for the purpose of the present decision, to express no opinion as to whether there was here a surrender of the policy.

The judgment is reversed and the cause remanded.

*Judgment reversed.*