## JAMES W. SCHOFIELD *et al.*

*v.*

## FRANK C..POPE.

*Filed at Ottawa September 27, 1882.*

1. APPEAL—*from trial court to Supreme Court—in forcible detainer.* Unless the validity of a statute is involved in a proceeding in forcible detainer, an appeal will not lie from the judgment of the circuit court to this court, the title to the land not being in question.

2. SAME—*whether validity. of a statute is involved.* In an action of forcible detainer brought before a justice of the peace in Cook county, the venue in the justice's summons was, "State of Illinois, Cook county," and "Chicago district," and the writ was directed to "any constable of said district." The defendants appeared without objection to the process and went to trial, and also on their appeal another trial was had on the merits in the circuit court, and judgment rendered against the defendants: *Held,* that the validity of the statute of May 30, 1881, purporting to divide Cook county into two justice's districts, was not involved in an appeal from the judgment of the circuit court, and hence such appeal would not lie directly from that court to this court.

3. JUSTICE OF THE PEACE—*jurisdiction by appearance.* No irregularity in the summons issued by a justice of the peace can affect his jurisdiction of the subject matter, and such irregularity in the process, or service thereof, is waived by the appearance of the defendant and going to trial on the merits. Such appearance confers jurisdiction of the person of the defendant, even if there is no summons or no service whatever.

4. SAME—*appeal cures defects in proceedings before justice.* By an appeal from the judgment of a justice of the peace to the circuit court, the defendant so appealing enters his appearance to the cause in the circuit court, and by so doing waives all defects in the process, the want of process, defects in the service of or want of service, before the justice.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. M. A. RORKE & SON, for the appellants:

Appellants' motion to quash the justice's summons and dismiss the suit involves the constitutionality and validity of the act of May 30, 1881, relating to justices of the peace.

The justice's summons shows it was issued under that act, which this court has held unconstitutional. *People* v. *Meech,* 101 Ill. 200.

The validity of a statute being involved, this court has jurisdiction of the appeal. *Gross* v. *People,* 95 Ill. 366. See, also, *City of St. Louis* v. *Trustees,* 7 Bradw. 295; *City of Cairo* v. *Bross,* 7 id. 296; *Falch* v. *People,* 8 id. 351; *Rosenstein* v. *Case,* 9 id. 482; *People* v. *Holtz,* 92 Ill. 426; *Gage* v. *Busse,* 94 id. 590.

The motion to dismiss was the proper practice to present the objection to the justice's jurisdiction. *Brown* v. *Killer,* 32 Ill. 151; *Stolberg* v. *Ohnmacht,* 50 id. 442; *Doran* v. *Gillespie,* 54 id. 368; *Leary* v. *Pattison,* 66 id. 203; *Center* v. *Gibney,* 71 id. 557; *Evans* v. *Bouton,* 85 id. 581; *Beel* v. *Pierce,* 11 id. 92.

Mr. JAMES F. MEAGHER, for the appellee:

A proceeding under the Forcible Detainer act does not involve a freehold, and hence no appeal lies directly to this court. *McGuirk* v. *Burry,* 93 Ill. 118; *Preston* v. *Gahl,* 94 id. 586.

The use of the word "district," in the justice's summons, instead of "county," could not affect the jurisdiction of that officer to try the action. But there can be no serious question as to the jurisdiction of the circuit court. By appealing, the defendant waives all informalities and defects in the process issued by the justice, or the service, and submits himself to the jurisdiction of the circuit court. Sec. 72, chap. 79, Rev. Stat.; *Swingley* v. *Haynes,* 22 Ill. 216; *Burns* v. *Nichols,* 89 id. 480; *Buettner* v. *Norton and Dickinson Manf. Co.* 90 id. 415.

The justice's jurisdiction of the subject matter of the suit does not depend upon the act of the legislature declared unconstitutional in the *Meech case,* but upon another statute, the validity of which can not be questioned.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of forcible detainer, commenced on the first day of June, 1881, before a justice of the peace in and for the town of South Chicago. The defendants appeared before the justice of the peace, a trial was had, and judgment rendered in favor of the plaintiff. The defendants then appealed to the circuit court of Cook county, where the cause was again tried before a jury, and a like judgment was rendered in favor of plaintiff. To reverse the judgment of the circuit court the defendants appealed to this court.

An appeal from the circuit court to this court does not lie unless the case involves a franchise, a freehold, or the validity of a statute, or unless the case relates to the revenue. It is not claimed that a franchise is involved, or that the case involves any question in regard to the revenue, and in *McGuirk v. Burry*, 93 Ill. 118, and *Preston v. Gahl*, 94 id. 586, this court expressly held that a proceeding in forcible detainer did not involve or call in question the title to land.

But it is urged that the case involves the validity of a statute, and upon this ground the appeal conferred jurisdiction on this court. This position is predicated on the alleged fact that the justice proceeded under the act of May 30, 1881, which purports to divide Cook county into two districts. The only ground, however, for supposing that the justice proceeded under the act of May 30, 1881, is, that the venue in the summons, in addition to the usual words, "State of Illinois, county of Cook," contains also the words, "Chicago district," and the summons is directed to the sheriff, or any constable of said "district." The complaint was made under chapter 57, Rev. Stat. 1874, page 535, entitled "Forcible Entry and Detainer," which conferred jurisdiction of the subject matter on the justice of the peace, and the entire proceedings were had under and in conformity to this statute. If the summons was irregular for the reason that the venue contained the words "Chicago district," and it was directed to any con-

stable of said "district," when it should have been directed to any constable of the county, such fact could not affect the jurisdiction of the justice over the subject-matter involved in the litigation. If the summons was irregular or defective, or had defendants failed to appear, it may be the justice would not have acquired jurisdiction of the person, and hence could not have proceeded; but when the defendants appeared and proceeded with the trial, the jurisdiction of the justice over the person was complete, however defective the summons may have been. After the complaint was filed, if the defendants had appeared and gone to trial without any summons, the jurisdiction of the justice could not have been called in question. The act of May 30, 1881, does not profess to confer jurisdiction, in this class of cases, upon justices of the peace. The jurisdiction comes from chapter 57, Rev. Stat. 1874, *supra.* And when the defendants appeared before the justice and proceeded with the trial, the act of May 30, 1881, had no bearing whatever on or relation to the case.

Again, after the trial before the justice the defendants appealed to the circuit court, and a trial was had before a jury, verdict returned, and judgment entered upon it. This court has often held that an appeal by a defendant from the justice to the circuit court is a waiver of all defects in the process issued by the justice. *Swingley* v. *Haynes*, 22 Ill. 216, is in point, where it is said: "When the defendant files his appeal bond, he thereby enters his appearance to the cause in the circuit court, and by so doing waives all defects in the process, the want of process, defects in the serving of, or want of service, before the justice."

As the proceedings in this case did not depend upon, and were not conducted under, the act of May 30, 1881, we perceive no ground for holding that the validity of that act is called in question. The validity of no law, therefore, being involved, the appeal will be dismissed.

*Appeal dismissed.*