## M. G. Murray, Appellee, v. Kaskaskia Live Stock Insurance Company, Appellant.

1. APPEAL AND ERROR, § 1408*—*when finding not disturbed.* Where the evidence in support of the finding of a jury is clear and positive and that opposed to such finding uncertain, the finding will not be disturbed on appeal.

2. INSURANCE, § 439*—*when contract not construed as providing for notice of illness of animal immediately or within specified time.* Where a policy of insurance on the life of a horse provided, in separate paragraphs, that in the event of the horse's sickness or an accident a veterinarian should be "immediately" procured, and that notice should be given to the insurer by telegram or telephone and confirmed by letter within twenty-four hours thereafter, *held* that neither the words "immediately" nor "within twenty-four hours" had any application to the notice by telegram or telephone.

3. CONTRACTS, § 168*—*when construed against party.* Words in a contract will be construed most strongly against the party who used them.

4. INDEMNITY, § 8*—*when words should not be read into contract.* Words should not be read into a contract of indemnity for the purpose of defeating the indemnity.

5. INSURANCE, § 120*—*when contract should not be construed against insured.* A contract of insurance should not be construed against the insured unless the language used reasonably demands such construction.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

CHAFEE, CHEW & BAKER, for appellant.

BARRY & MORRISSEY and MURRAY & MORRISSEY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

M. G. Murray brought this suit in assumpsit against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the Kaskaskia Live Stock Insurance Company on a policy of insurance issued by the defendant on the life of a horse which was injured and died during the term of the policy.

The declaration contains one count which avers that the defendant made and delivered its policy to the defendant, in consideration of $40 paid, and thereby insured against loss by death from disease, accident or lightning from April 26, 1914 to April 20, 1915, a certain stallion of plaintiff in the sum of $500; that thereafter on November 9, 1914, said stallion was accidentally injured and as a result thereof died on November 19th. It is further averred that upon said stallion being injured plaintiff immediately employed a veterinarian and made every effort to save the life of said stallion, and gave notice to the defendant of said accident and death as provided in said policy, and that plaintiff has fully kept and performed all the provisions of the policy to be performed by him and has sustained loss, etc. A copy of the policy was not filed with the declaration, for want of which the case was continued at the first term of court. At the second term, the defendant filed pleas (1) of the general issue; (2) a plea of tender of $51.35, the amount of the premium, interest and costs and three other pleas. A demurrer was sustained to the last three pleas and the defendant was given leave to file amended pleas. It filed one amended plea setting up the facts averred in the three pleas, to which a demurrer had been sustained, with the further fact of a written application made by plaintiff for the policy. The amended plea avers that in an application for the policy dated April 18, 1914, which application is to become a part of the policy if accepted, the plaintiff promised, in case of sickness or accident to the animal insured, to at once give the defendant notice of such sickness or accident with full particulars; that the policy provided that in

the event of the animal's sickness or injury by accident it shall be the duty of the plaintiff to give notice of such sickness or accident to the defendant at the home office, at Shelbyville, Illinois, direct, and not through agents, which notice shall be by telephone or telegraph, and confirmed by letter within twenty-four hours thereafter, and a failure to give notice as aforesaid, if death ensue, shall release the defendant from all liability from any loss occurring to plaintiff by reason of such sickness or accident; that on the morning of November 9, 1914, said horse was accidentally injured from which it thereafter died, on November 19, 1914; that the defendant had a telephone in its place of business and that plaintiff lived near the Village of McLean and had a telephone within easy access of his place of business, and that plaintiff, not regarding his promise made in the application and the stipulation in the policy, neglected to give any notice whatever until five days after the injury aforesaid was received whereby defendant was released from any liability under said policy.

The plaintiff filed replications to the amended plea, one of which avers that he did not execute the application as alleged; and four others averring, in substance, that the defendant did not have direct telephone connection in its office, and plaintiff did not have a telephone within easy access of his place of business; that the horse was injured on the 9th of November, and after learning of the injury he immediately, on, to wit, November 13th, gave notice to defendant by telephone and within twenty-four hours confirmed said notice by letter. Issues were joined on all the replications.

At the close of the evidence the defendant submitted four special interrogatories to be answered by the jury. The first interrogatory is: "Did Murray, in his application, promise in case of accident to the horse

to notify the defendant at once of such accident?"
This the jury answered, "No." It also returned a
general verdict in favor of plaintiff for $530.88. Judg-
ment was entered on the verdict for the plaintiff.
Later during the term the court vacated that judgment
with the subsequent orders and entered judgment for
plaintiff and against the defendant for $479.53, being
the amount of the verdict less the tender, and it was
further adjudged that the tender be paid to plaintiff.
The defendant appeals.

No question is raised concerning the pleadings. The
only question of fact presented for review is the issue
made by the first replication to the amended plea. The
application for the policy was solicited and filled out
by one Busenhart, an agent of appellant. Question 31
is: "In case of sickness or accident, do you agree to
notify this company at once, giving the full particulars
of the disease or accident, together with the name of
the veterinary you employ?" "Yes." He testified
that the application was signed by appellee, and that
he asked appellee the questions and wrote his answers.
He also said he could not swear he asked appellee
question 31, and could not say whether or not appellee
answered "Yes" to that question. The appellee testi-
fied that question No. 31 was not asked him and that
Busenhart did not read it to him, and that he did not
know that question was in the application until he saw
the application in court; that he did not have his
glasses with him when the application was signed and
he could not read fine print without them and that the
application was not read over to him before he signed
it.

The evidence for the appellee on the question of
whether he was asked the question or not is clear and
positive. The evidence for appellant is uncertain.
The appellant submitted that question to the jury, and
it found that appellee did not promise to notify the

appellant at once in case of an accident. We see no reason for disagreeing with the finding of the jury.

Appellant also contends that under paragraph three of the mutual agreements in the policy it was the duty of appellee to notify appellant of the accident immediately, or within twenty-four hours, and because of the failure to give notice within such time no recovery can be sustained.

Paragraph three is: "3. That in the event of said animal or animals' sickness, or an accident arising from any cause whatever, it shall be the duty of the insured to immediately procure the services of a veterinarian, and use every possible means to save the life of said animal or animals.

"Notice of sickness or accident must be given to the home office at Shelbyville, Illinois, direct, and not through agents, which notice shall be by telegram or telephone, and confirmed by letter within twenty-four hours thereafter. The failure to perform any of the requirements above mentioned, as embodied in this paragraph, if death should ensue, shall release this company from any and all liability under this policy."

Paragraph three consists of two subparagraphs. It does not fix any time within which the notice by telegram or telephone shall be given. The first subparagraph provides for the employment of a veterinarian immediately in case of sickness or accident. The only time fixed in the second subparagraph, which is the one providing for notice, is for confirming by letter the notice by telegram or telephone which is required to be given within twenty-four hours after the notice by telegram or telephone has been given. Neither the words "immediately" nor "within twenty-four hours" have any application to the notice by telegraph or telephone.

It is insisted that, because a notice of sickness or accident was required to be given by telegraph or telephone, the court should construe the sentence as requiring the notice at once or immediately. The sub-

paragraph is not so worded. If it was the intention of appellee to require notice immediately it could easily have so stated the requirement.

"A contract for insurance is a contract for indemnity, and unless indemnity for the loss sustained has been received, the law will lean to that construction which carries out the purpose of such a contract and gives such indemnity." *Niagara Fire Ins. Co. v. Heenan & Co.,* 181 Ill. 575; *Healey v. Mutual Acc. Ass'n,* 133 Ill. 556. It is a well-settled rule of construction that words will be construed most strongly against the party who used them for the reason that a man is responsible for ambiguities in his own expression. 9 Cyc. 590.

The court gave two instructions at the request of appellee. Appellant insists the second is erroneous. It tells the jury that if it believes from the evidence that the horse, insured under the policy in evidence, was accidentally injured and died as the result of such injury, and the jury believes that plaintiff, immediately after said horse was injured, procured the services of a veterinary and used every possible means to save the life of the horse and within a reasonable time, under all the circumstances appearing in evidence, gave notice of the accident and injury to the defendant at its home office at Shelbyville, direct, by telephone, and confirmed such notice within twenty-four hours thereafter by registered letter, and if you further believe from the evidence that interrogatory No. 31, now appearing in the application, was not asked of plaintiff, nor read to him or otherwise brought to his attention, and that no answers to such interrogatory were made by plaintiff or written in said application with his knowledge or consent, if you believe such facts from the evidence, your verdict should be for plaintiff. The argument is that because paragraph three of the material agreements in the policy contains the sentence, "Notice of sickness or accident must be

given to the home office at Shelbyville, Illinois, direct, and not through agents, which notice shall be by telegram or telephone and confirmed by letter within twenty-four hours thereafter," that the word "immediately" in the preceding sentence, which refers only to the employment of a veterinarian, should be read into the sentence concerning notice, or that because notice was required to be given by telegraph or telephone, that sentence in the contract will be read that such notice must be given at once or immediately. Such words should not be read into the contract for the purpose of defeating the indemnity. The contract should not be construed against the insured unless the language used reasonably demands such construction. The words in the contract should be given their usual meaning. The appellee did immediately employ a veterinarian, and did give notice by telephone and confirmed the notice within twenty-four hours thereafter.

It is also urged that the court erred in refusing several instructions requested by appellant. Each instruction refused directs a verdict. Some of them assume that question 31 was answered by the appellee, when, by the pleading that was made an issue to be decided by the jury, others insert the words at once or immediately into paragraph three of the mutual agreements concerning notice in the policy. Several of them are also more or less argumentative. There was no error in their refusal. The verdict is sustained by the evidence. Finding no error in the case the judgment is affirmed.

*Affirmed.*