(No. 21669.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH D. ADAMS, Plaintiff in Error.

*Opinion filed December 23, 1932.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD·E. WILSON, GRENVILLE BEARDSLEY, ALBERT C. DeWITT, and OTHO S. FASIG, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Fifty-seventh General Assembly enacted a law to regulate the business of giving bail in criminal and quasi-criminal cases and providing for the licensing of persons, firms or corporations engaging in that business and providing certain penalties. (Laws of 1931, p. 437.) An information was filed in the municipal court of Chicago against Kenneth D. Adams for a violation of this act. His motion to quash the information was overruled,. and upon a trial by the court without a jury he was found guilty and sentenced to pay a fine of $100 and costs. A writ of error has been sued out of this court to review the record, and among other errors it was assigned that the act on which the information was based is unconstitutional.

The first section of the act provides that "any person, firm or corporation in any court having criminal jurisdiction or in any criminal or quasi-criminal action or proceeding who shall for another deposit cash, bonds and/or other securities or execute as surety any bond or recognizance who within a period of one month prior thereto shall have made such a deposit or given such bail in more than two cases not arising out of the same transaction and shall have charged a fee or other compensation therefor, shall be deemed to be engaged in the business of giving bail." The information charged that Kenneth D. Adams on August 3, 1931, did unlawfully and intentionally execute as surety a recognizance for Helen Smith in a criminal case pending in the municipal court of Chicago without being licensed

by the Director of Trade and Commerce so to do, Adams having previously, on August 1, 1931, without a license, acted as surety for Nelson Grisson in a criminal case pending in the same court, and on July 23, 1931, without a license, acted as surety for Johanna George in a criminal case pending in the same court, none of which cases arose out of the same transaction, and in each of which Adams charged a fee for acting as surety. Other sections of the act prohibit any person from engaging in the business of giving or soliciting bonds or recognizances in criminal or quasi-criminal cases without being licensed by the Director of Trade and Commerce in the manner provided by the act, and impose a penalty upon any person who shall engage in that business without obtaining a license, of not less than $100 or more than $500 for each offense. The information charged no violation of the act. Its substance was, that the defendant became surety in a recognizance for Helen Smith on August 3, 1931, after having acted as surety in a criminal case for Nelson Grisson on August 1, 1931, and for Johanna George on July 23, 1931, and in each case charged a fee for acting as surety, and that none of the cases arose out of the same transaction.

The charge is that in two cases, only, he had acted as surety within a period of one month before executing the recognizance for Helen Smith, though the statute provides that only in case he shall have given bail in more than two cases not arising out of the same transaction and shall have charged a fee or other compensation therefor, and shall have given bail subsequently under the same conditions within a month of the giving bail in the first case, shall he be deemed to be engaged in the business of giving bail. Only in case of his giving bail in three cases or more within a month before the act which is the subject of the criminal charge does the statute declare that he shall be deemed to be engaged in the business of giving bail. "More than two" has no meaning different from "three or more." The act

charged on August 3, 1931, in the case of Helen Smith was only the defendant's third act of becoming surety, and not until after that act was he by the terms of the statute deemed to be engaged in the business of giving bail.

It is unnecessary to consider the question of the constitutionality of the act. The court having found the defendant guilty, the record presents the questions whether the information charged a violation of the statute, and if so, whether the statute itself was a constitutional exercise of legislative power. The court decided both these questions against the defendant. The statute was the foundation of the right to a conviction asserted by the People, and the defendant had a right to present that question to this court. If he had sued the writ of error out of the Appellate Court he would have waived the right to have the constitutional question considered and would have been obliged to rely solely upon his claim that the information did not charge a violation of the act. The only method to fully present his case for review in an appellate court was to sue the writ of error out of this court, where the constitutional question could be considered as well as the validity of the information. The constitutional question is therefore involved so as to authorize the appeal to this court, though it is unnecessary to decide it, because the invalidity of the information makes it unnecessary. (*Schofield* v. *Pope*, 104 Ill. 130.) The constitutionality of a statute will never be determined when the cause in which its determination is sought may be finally disposed of without such determination. *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620; *Rittenhouse & Embree Co.* v. *Brown & Co.* 254 id. 549; *Barrett Manf. Co.* v. *City of Chicago,* 259 id. 578.

The judgment is reversed.     *Judgment reversed.*