(No. 21987.—

HENRY D. BROWN, Plaintiff in Error, *vs.* THE FEDERAL LIFE INSURANCE COMPANY, Defendant in Error.

*Opinion filed October 21, 1933.*

HENRY D. BROWN, *pro se.*

JEROME F. KUTAK, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff in error, Henry D. Brown, brought suit against defendant in error, the Federal Life Insurance Company, a corporation, in the municipal court of Chicago, to recover the amount paid by him to the insurance company as premiums on two policies of insurance issued by the company to him which provided for insurance against loss of life, limb, sight or time by accidental injury or loss of time by sickness. The case was tried by the court without a jury, and the trial resulted in a finding and judgment in favor of the insurance company. Plaintiff in error has sued out of this court a writ of error for a review of the record.

One of the policies of insurance was issued on August 26, 1926, and provided for a monthly premium of three dollars to be paid by plaintiff in error. The other policy was issued March 3, 1928, and provided for a monthly premium of $1.50. The monthly premiums provided for by the policies were paid by plaintiff in error to July 1, 1928. Prior to July 1, 1928, he was notified by the company that it must either increase the premiums to be paid for the insurance or cancel the policies, and that to continue the policies in force and effect he must after July 1, 1928, pay on the first policy $3.34 a month and on the other policy $1.67 a month. After July 1, 1928, plaintiff in error. paid the monthly premiums on the policies at the increased rate for each month, to and including January, 1932. In that month he received a letter from the company stating it would accept no further premiums and that the policies would be "allowed to lapse on February 1, 1932."

Plaintiff in error sent to the company his two checks for the premiums on the policies due in February, 1932. The checks were returned to him by the company. Thereafter he demanded of the company that it pay him the amount paid by him to it as premiums on the two policies, with interest. With this demand the company refused to comply.

Except as to dates, amounts of premiums and amounts to be paid in case of loss the two policies of insurance are identical in their provisions. The first two paragraphs of the first policy issued read as follows:

"The date of this policy is the 26th day of August, 1926, and the company hereby insures Henry D. Brown, hereinafter referred to as the insured, from twelve o'clock noon, standard time, at the place where the insured resides, until twelve o'clock noon such standard time on the first day of October, 1926, and for such time thereafter as the premiums paid by the insured as agreed in his application therefor will continue this policy in force.

"The insurance hereunder is granted in consideration of the application herefor, copy of which is attached hereto and made a part hereof, and of the payment of the policy fee of five dollars and the monthly premium of three and 00/100 dollars in advance, and begins at twelve o'clock noon, such standard time, of the date of this policy, and subject to all the conditions, agreements and provisions of this policy and those endorsed hereon, is against loss resulting from personal bodily injury sustained while this policy is in force and effected directly and independently of all other causes by the happening of a purely accidental event, (suicide, sane or insane; not included,) and against disability by illness as hereinafter provided."

Each policy contained a provision designated as "Part nine," as follows: "After this policy has been maintained in force for not less than three consecutive months the company will allow a grace of five days for the payment of any subsequent premium, and during this period of grace the

insurance hereunder shall continue in force, subject otherwise to all the terms and provisions of this policy." Other provisions of the policies which should be noted are as follows:

"The company may cancel this policy at any time by written notice delivered to the insured or mailed to his last address as shown by the records of the company, together with cash or the company's check for the unearned portion of the premiums actually paid by the insured, and such cancellation shall be without prejudice to any claim originating prior thereto."

"This policy shall terminate and cease to be in force if the premium is not paid in full as and when required by the terms thereof, except as provided in Part nine. The acceptance of any premium shall be optional with the company except as provided in Part nine."

It is the contention of plaintiff in error that the provision of each policy that the insurance company could cancel it at any time is void, because to give it effect would render the contracts void for want of mutuality; that the provision of section 4 of "An act concerning and to regulate policies issued by companies, corporations, associations, societies or other insurers, doing accident and casualty insurance business, and to repeal acts or parts of acts in conflict with this act," approved June 29, 1915, (Laws of 1915, p. 472,) which permits insurance companies doing business under that act to insert in policies a clause for cancellation of the policies such as was in the policies of plaintiff in error, is unconstitutional; that section 9 of said act, which provides that a "policy issued in violation of this act shall be held valid but shall be construed as provided in this act," is unconstitutional, and that the refusal by the insurance company to receive further premiums on the policies was a wrongful and unjustified repudiation of the insurance contracts by the company which gave plaintiff in error the right to recover all money paid as pre-

miums on the policies. The constitutional questions argued by plaintiff in error were raised by him in the municipal court by his reply to the affidavit of merits filed by the insurance company and by propositions of law submitted to the court which were marked refused.

A provision in an insurance policy which gives the in-[1] surer the right to cancel the policy upon notice to the insured and a return of the unearned portion of the premiums paid by the insured has generally been recognized as valid. (*Albany City Ins. Co.* v. *Keating,* 46 Ill. 394; *Peoria Marine and Fire Ins. Co.* v. *Botto,* 47 id. 516; *Ætna Ins. Co.* v. *Maguire,* 51 id. 342; *Home Ins. Co.* v. *Heck,* 65 id. 111; *Karelsen* v. *Sun Fire Office,* 112 N. Y. 545, 25 N. E. 921; *Davis Lumber Co.* v. *Hartford Fire Ins. Co.* 95 Wis. 226; *British-American Ins. Co.* v. *Wilson,* 77 Conn. 559; *Good* v. *Farmers' Mutual Hail Ins. Ass'n,* 235 N. W. (S. D.) 114.) In Bacon's Life and Accident Insurance (vol. 2, sec. 545a, p. 1326,) the author says: "It is common for accident insurance contracts, like those of fire insurance, to contain a provision for cancellation by the insurer upon compliance with specified conditions. The usual provision is that the policy may be canceled by the company upon mailing a notice thereof, together with a check for the unearned premium, to the insured at his last known address. * * * Parties are free to contract as they please as to cancellation by the insurer, and such a stipulation in that regard is valid." Parties to a contract may cancel it at any time by mutual consent, and there is no reason why they may not agree in advance that the contract made by them shall cease to be binding at any time, at the option of either or both of them, if there is, in fact, a valid contract made by them. 13 Corpus Juris, 606.

Since the provision contained in the policies of insurance for cancellation at any time by the insurer upon giving notice to the insured and returning the unearned por-

tion of premiums paid by him did not render the contracts void, it is unnecessary to pass upon the question of the constitutionality of the provision of the statute which permits such a provision to be put into a policy of accident and health insurance. This is true because the contention that the statute is invalid is grounded upon the proposition that in the absence of statute such a provision in a policy of insurance, if given effect, would render the contract void for want of mutuality, and, as we have decided, that proposition is not true.

It is contended by plaintiff in error that under the provision for cancellation by the insurer contained in the policies, the insurance company was not authorized to give notice that the policies would be canceled at a future date but could cancel the policies only at the date of giving notice of cancellation, upon making a return to the insured of the portion of the premium paid by him which had been unearned at that time; that under part 9 of the contract he was, after having paid the premiums for January, 1932, entitled to insurance to and including the fifth day of February, 1932; that the attempted cancellation of the policies was an attempt to discriminate beween policy holders, in violation of the provision of the statute prohibiting the insurance company from making discrimination between individuals in the same class, and that the attempt of the insurance company to cancel the policies was unauthorized and wholly ineffective. It is not necessary to a decision of this case to pass upon these contentions. There is no showing and no contention made that plaintiff in error had suffered any loss by accident or that his health had been in anywise impaired prior to February 5, 1932. This is not a suit to recover on the policies of insurance or either of them and is not a suit to compel the insurance company to accept premiums and to continue the policies of insurance in force. By his suit the plaintiff in error recognizes that the policies of insurance are no longer in force and

binding on the insurance company. He seeks a recovery of premiums paid under the policies on the theory that the amount paid as premiums is money had and received by the insurance company for his use. There is no allegation in the statement of claim filed by plaintiff in error of any special damage because of the cancellation of the policies of insurance, and there is no proof in the record that the plaintiff in error cannot obtain from another insurance company the same insurance that he had under the policies in question at the same rate he was paying, or of any special damage whatever. Where a policy of insurance is void *ab initio* or a risk thereunder never attaches, and there is no fraud on the part of the insured, and the contract is not against law or good morals, the insured may recover all premiums paid under such policy. (*Seaback* v. *Metropolitan Life Ins. Co.* 274 Ill. 516.) But the premiums paid under a valid policy of insurance, on which the insurance company has carried the risk for some time, may not be recovered on a count for money had and received in case the insurance company violates its contract. (*Phœnix Mutual Life Ins. Co.* v. *Baker,* 85 Ill. 410.) In such case the action is one for the damages suffered by the breach of the contract by the insurance company. In this case the insurance company carried the risk on the policies over a period of several years, and if its refusal to accept further premiums and carry the risk longer was a breach of the contract, the plaintiff in error could not recover the amount of premiums paid on the policies on the theory of money had and received by the company for his use but could recover only the special damages suffered by him because of the breach of the contract. In this case there is no allegation or proof of such damages.

It is also contended by plaintiff in error that the amounts paid by him as increased premiums on the two policies after July 1, 1928, were paid under duress and may be recovered. This contention might prevail if the company's right to

cancel did not exist, but we have held that the cancellation provision of the contracts is valid.

The insurance company has suggested that no constitutional question is involved in this case and that this court is without jurisdiction. There appears in the record a certificate of the trial judge that there is involved in this case the validity of a statute and that in his opinion the public interest requires that the appeal or writ of error in the case be taken directly to this court. That certificate does not have the effect of giving this court jurisdiction of this case. Section 118 of the Practice act provides that this court shall have jurisdiction of appeals and writs of error in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest requires that the case be taken directly to this court, but there is no provision in the statute that gives this court appellate jurisdiction of a case on the certificate of a trial judge that the validity or constitutionality of a statute is involved. This court could not reverse the judgment of the municipal court unless it found that the policy provisions for cancellation of the insurance policies, if given effect, would render the policies void, and also that the statute which permits such a provision for cancellation to be put in insurance policies is unconstitutional. This situation confers jurisdiction upon this court even though on appeal it is afterwards found unnecessary to pass upon the validity of the statute. *People v. Adams,* 351 Ill. 79; *Barrett Manf. Co.* v. *City of Chicago,* 259 id. 578; *Rittenhouse & Embree Co.* v. *Brown & Co.* 254 id. 549.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*