## BOWLING v. AETNA LIFE INS. CO.

No. 26203. March 3, 1936.

Rehearing Denied March 24, 1936.

R. E. Bowling and W. L. Farmer, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert and James H. Ross, for defendant in error.

PER CURIAM. This action was commenced December 7, 1933. The parties are referred to as they appear below. Plaintiff alleges in substance that on December 8, 1914, he purchased from the Aetna Life Insurance Company, a corporation, defendant below, an accumulative accident policy whereby, in consideration of a premium of $15 it insured plaintiff below, Robert E. Bowling, for a term of twelve months from the 8th day of December, 1914, commencing and ending at 12 o'clock noon, standard time, against loss as therein defined, resulting directly and independently of all other causes, from bodily injuries effected solely through external, violent, and accidental means, suicide (sane or insane) not included.

Part VI of the policy reads:

"If all premiums are paid annually, the original principal sum hereby insured will be increased ten per cent. In the second and each subsequent year for five consecutive years, until such increases amount to fifty per cent. of the original sum insured, and thereafter, so long as this policy is maintained in force by annual premium payments the amount insured will be the original principal sum plus the accumulations.

"If premiums are paid otherwise than annually, the original principal sum hereby insured will be increased five per cent. in the

second and each subsequent year for ten consecutive years, until such increases amount to fifty per cent. of the original sum insured, and thereafter, so long as this policy is maintained in force the amount insured will be the original principal sum plus the accumulations."

Part XIII, subdivision A. reads:

"The company may cancel this policy by notice of cancellation mailed to the Insured's residence address as given in the Schedule of Warranties endorsed hereon, or served upon the Insured by a representative of the Company, with a check of the Company or of its duly authorized agent, or cash, for the unearned part, if any. of the premium actually paid, but such cancellation shall be without prejudice to any claim arising prior to the date on which the cancellation takes effect."

Thereafter, on or before the 8th day of December of each year, plaintiff paid to defendant a premium of $15, and the policy was continued in force for respective periods of twelve months. Upon receipt of each premium the company issued its printed receipt therefor, in which it was expressly stated that the policy was continued in force from noon of December 8th of the year for which the premium was paid for twelve months, subject to all of the terms of said policy.

On or about January 3, 1917, defendant executed a beneficiary supplement to said policy in the form of a clause attached to said policy insuring the beneficiary under the policy, Clara Ellen Bowling, wife of plaintiff, in the original principal sum of $3,000, against accident as therein provided.

On or about December 8, 1919, defendant issued its premium receipt with a statement thereto attached, showing that the amount of insurance under the policy had increased in amount from $6,000 to $9,000 for special accidents, and from $3,000 to $4,500 for ordinary accidents. Similar statements were attached to the receipt for the premium paid on or about December 8, 1922, and to the receipt for the premium paid on or about December 8, 1926.

On or about November 10, 1933, defendant notified plaintiff that it would not continue the policy past the anniversary date, which was given as of October 20th. On December 6, 1933, plaintiff mailed check for premium for the twelve months' period commencing December 8, 1933, which check was returned to plaintiff by letter of December 7, 1933, with a statement that the policy would not be renewed by defendant.

After demurrer was sustained plaintiff elected to stand upon his petition and the action was dismissed, from which order and judgment plaintiff appeals, assigning as error the action of the court in sustaining defendant's demurrer to plaintiff's petition and dismissing the action.

Plaintiff contends that by reason of the continued payment of the premium and the increase in the value of the policy and of the additional insurance granted for the beneficiary under the policy, he has a vested interest which is a property right that cannot be taken, and that injunction is the proper remedy to protect that right.

The contract of insurance was for a term of twelve months, commencing at noon, standard time, December 8, 1914, and ending, by its express provisions, at noon December 8, 1915, unless renewed by the payment and acceptance of an additional premium. There is no provision in the policy which binds either the insured to pay additional premiums or the insurer to accept same. The defendant could not require the plaintiff to pay the premium and thereby renew the policy; neither could the plaintiff require the defendant to accept a premium when tendered and thereby renew the policy for an additional 12-months' period. If at the end of any 12-months' period the plaintiff decided that he no longer desired to keep the policy in force, he could either refuse or fail to pay the premium, and the policy would then automatically terminate at the end of the period for which premium had been paid. Likewise, if at the end of any period for which premium had been paid the company decided that it did not care to renew the policy, it could refuse to accept the premium when tendered, in which case the contract would be terminated. The rights of the parties were mutual, in the sense that neither was bound to renew the contract and before the policy could be extended or renewed it was necessary for the consent of each of the parties thereto to be had.

It is to be observed that in addition to the express provisions of the policy hereinbefore quoted fixing its duration for a period of 12 months, upon receipt of each premium a written receipt was issued "continuing same in force from noon of December 8th (of the year for which premium was paid), for 12 months, subject to all of the terms of said policy."

In Hodgson v. Preferred Accident Insurance Company of New York, 165 N. Y. S. 293, affirmed on appeal 169 N. Y. S. 28, discussing the terms of a policy somewhat similar to that involved herein, the court said:

"The policy in question ran for a specified term. There was no provision in it for its renewal or continuance. The provision for increased benefits in the event of its being continued for a number of years gave no right of continuance. It was only to be effective in case there was such continuance. When the policy ended by its terms, neither side was obliged to renew it, and it could not be renewed or continued without the consent of both parties; that is, a new contract had to be made. Each renewal was for a specified term; and was a separate and distinct contract from the original agreement and from each prior renewal. Alexander Campbell Milk Co. v. United States Fidelity & Guaranty Co., 161 App. Div. 738, 146 N. Y. Supp. 92. In effect, a new policy was issued upon each renewal being made. Instead, however, of actually issuing a new policy. the renewal certificate or receipt by reference to the old policy made it the new one. The effect and the result were just the same as if an agreement for accident insurance had been made, and, instead of all the terms and conditions of the agreement being contained in the memorandum signed by the parties, that memorandum referred to a document on file, say in a public office, as being the one which contained the conditions to be mutually binding."

The policy in the cited case provided for increased benefits in the event of its being continued for a number of years, as did the policy here involved. Nevertheless, it was held that the policy was a contract for 12 months, and that each renewal thereof for a specified term was a separate and distinct contract from the original agreement and from each prior renewal, and that the provision for increased benefits gave no right of continuance; in other words, gave the insured no right to renew the policy from term to term without the consent of the insurer.

See, also, Hoyt v. Mass. Bonding & Ins. Co. (N. H.) 113 Atl. 219; Von Crome v. Travelers Ins. Co. of Hartford (C. C. A. 8) 11 Fed. (2d) 350.

In Steele v. Great Eastern Casualty & Indemnity Co. (Minn.) 197 N. W. 101, the accident policy under consideration contained provisions similar to the policy in this case. The court held that each renewal of the policy was a new contract. The first paragraph of the syllabus reads:

"Where a policy of accident insurance contained no provision for continuing it in force beyond the time specified therein, but was continued in force for an additional period by a subsequent agreement, such agreement created a new contract."

Quoting from the opinion of the trial court, it was said:

" 'The original policy gave the insured no right to renew. All his rights expired absolutely 12 months from the date of the policy, and could be revived or continued only by a new contract.'

"That in making their new contract the parties saw fit to adopt the provisions of the former contract, except as changed by the provisions of the so-called renewal receipt, rendered it none the less a new contract. Neither party could, by any act of his own, continue the original or any subsequent contract of insurance beyond the period stated therein. To continue it beyond that period required a new agreement assented to by both parties, and when they entered into such an agreement it created a new contract."

In Mid-Continent Life Insurance Co. v. Christian, 164 Okla. 161, 23 P. (2d) 672, which was an action upon a health and accident policy, this court said of the policy involved in that case:

"Under the terms of the policy the same ran from year to year and could be terminated at the end of each year * * *"

In Davis v. Mutual Benefit Health & Accident Association, 168 Okla. 514, 34 P. (2d) 579, this court said:

"Under the ordinary life insurance policy the company does not have the right to reject timely payments of premiums; but the very opposite is the case in benefit health and accident policies. * * *"

In the following cases, involving accident policies similar to the policy herein involved, the courts have applied the rule announced in the foregoing cases, and held that such policies are contracts for the periods of time specified therein, and expire by their own terms at the expiration of the period named unless by mutual consent they are extended or renewed, and that such renewal constitutes a separate and independent contract, although its terms and conditions may be terminated by the policy as originally issued. Hoyt v. Massachusetts Bonding & Ins. Co., supra; Von Crome v. Travelers' Insurance Company of Hartford, supra; Eicks v. Fidelity & Casualty Co. of New York (Mo.) 253 S. W. 1029; Redeman v. Preferred Accident Insurance Company of New York (Wis.) 254 N. W. 515.

Part XIII, subdivision "A," of the policy hereinbefore quoted, authorized defendant to cancel the policy by notice, served as therein authorized and by enclosing a check for the unearned part, if any, of the premiums actually paid. By its letter of December 7, 1933, defendant notified plaintiff that the policy would not be renewed after the ex-

piration date thereof, to wit, December 8, 1933.

Whether the refusal of defendant to accept the renewal premium and extend the policy from December 8, 1933, be deemed a cancellation thereof or a refusal to renew same, by this letter plaintiff was notified that defendant would not renew the policy, and such action upon defendant's part terminated the policy on its expiration date, December 8, 1933.

In a number of cases it has been held that the insurer, under a policy similar to the one here involved, may refuse a premium when tendered and by such conduct upon its part terminate the policy.

In American Nat. Ins. Co. v. Ball (Tex. Civ. App.) 218 S. W. 71, it was said:

"In this case the company declined to renew the policy, and returned the money order. It was acting strictly within its rights in so doing, and it can make no difference whether it termed its act a cancellation or not. Without a renewal receipt appellee had no insurance for February, 1919, and appellant had the right to refuse his premium and refuse to issue the renewal."

See, also, National Life & Accident Ins. Co. v. Chastain (Ga. App.) 169 S. E. 380; Brown v. Federal Life Ins. Co. (Ill.) 187 N. E. 484.

Plaintiff further contends that paragraph XIII of the policy is inconsistent and in conflict with paragraph VI thereof, and because of such conflict paragraph XIII is void, and cites in support of this contention authorities announcing the general rule that if two clauses of a contract are repugnant and cannot stand together, the first will stand and the last be rejected, especially where the latter provision if given effect would alter the terms of the agreement. We do not think these authorities are in point.

A provision in an insurance policy which gives the insurer the right to cancel the policy upon notice to the insured and a return of the unearned portion of the premiums paid by the insured, has generally been recognized as valid. Brown v. Federal Life Ins. Co. (Ill.) 187 N. E. 484; Albany City Fire Ins. Co. v. Keating, 46 Ill. 394; Peoria Marine & Fire Ins. Co. v. Botto, 47 Ill. 516; Aetna Ins. Co. v. McGuire, 51 Ill. 343; Home Ins. Co. v. Heck, 65 Ill. 111; Karelsen v. Sun Fire Office, 122 N. Y. 545, 25 N. E. 921; Davis Lumber Co. v. Hartford Fire Ins. Co., 95 Wis. 226, 70 N. W. 84, 37 L. R. A. 131; British American Ins. Co. v. Wilson, 77 Conn. 559, 60 Atl. 293; Good v. Farmers' Mutual Hail Ins. Ass'n (S. D.) 235 N. W. 114. In Bacon's Life & Accident Insurance, vol. 2, sec. 545a, p. 1326, the author says:

"It is common for accident insurance contracts, like those of fire insurance, to contain a provision for cancellation by the insurer upon compliance with specified conditions. The usual provision is that the policy may be canceled by the company upon mailing a notice thereof, together with a check for the unearned premium, to the insured at his last known address. * * * Parties are free to contract as they please as to cancellation by the insurer, and such a stipulation in that regard is valid."

Parties to a contract may cancel it at any time by mutual consent, and there is no reason why they may not agree in advance that the contract made by them shall cease to be binding at any time, at the option of either or both of them, if there is, in fact, a valid contract by them. 13 Corpus Juris, 606.

In view of the rule announced in the foregoing authorities we are of the opinion that paragraph XIII is not inconsistent with paragraph VI of the policy, and that both can stand and be given effect, and that under the provisions of paragraph XIII defendant had the right as it did to cancel or refuse to renew the policy.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Summers Hardy, A. B. Honnold, and T. W. Arrington in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hardy and approved by Mr. Honnold and Mr. Arrington, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.