STEVEN SHER, Plaintiff-Appellant, *v.* HOSPITAL SERVICE CORPORATION *et al.,* Defendants-Appellees.

(No. 57446; ▮▮▮▮▮▮▮▮)

First District (2nd Division)—November 13, 1973.

Rabens, Formusa & Glassman, of Chicago (George C. Rabens, of counsel), for appellant.

Gorham, Adams, White & DeYoung, of Chicago (John F. Arnold, of counsel), for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The only issue in this appeal is whether the trial court erred in striking plaintiff's amended complaint and dismissing his suit for declaratory judgment. Resolution of this issue requires us to decide whether the allegations of the complaint stated a cause of action.

## I.

Plaintiff Steven Sher is a resident of Chicago, Illinois. Defendants Hospital Service Corporation and Illinois Medical Service are corporations organized under Illinois law. Hospital Service provides what is known as the Blue Cross plan for hospital care. Illinois Medical provides what is known as the Blue Shield plan for medical expense indemnity. On or about April 1, 1969, each corporation issued a certificate to the plaintiff. In one, Hospital Service agreed to provide him with its Blue Cross hospital benefits; in the other Illinois Medical agreed to provide him with its Blue Shield medical expense indemnity. Each certificate contained two provisions: (1) A clause which provided that it could be cancelled by either party at any time after 30 days written notice. (2) A clause which provided for conversion of the certificate when plaintiff became 65 years of age.

On February 10, 1970, Hospital Service and Illinois Medical notified the plaintiff that, retroactive to April 1, 1969, the date of issue, the certificates were cancelled. At the same time, all premiums which he had paid were returned to him. Despite the notices, on about May 25, 1970, plaintiff tendered, and defendants accepted, the premiums due on the certificates for the period from June 1, 1970 to August 1, 1970. On June 17, 1970, plaintiff was admitted to the Michael Reese Hospital in Chicago where he remained until July 31, 1970. He was again admitted to Michael Reese on August 8, 1970 for medical treatment and there remained until September 7, 1970.

Defendants contend that the notices of cancellation they gave plaintiff on February 10, 1970, were retroactive to April 1, 1969, because they returned all the premiums he had paid. Plaintiff contends that because he paid and defendants accepted premiums to August 1, 1970, the certificates were in force when he became hospitalized on June 17, 1970. Moreover, he contends that the notices of cancellation were of no effect because (a) back-dating them contravened the notice provisions of the certificates; (b) defendants' acceptance of premiums on May 25, 1970 (paying the certificates to August 1, 1970) estopped them from asserting any claim of cancellation; (c) the cancellation provisions of both certificates were in conflict with the provisions giving plaintiff the right to convert the certificates at the age of 65, thus creating a conflict that created an ambiguity in the coverage with respect to his rights and privileges: if the cancellation provisions were effective and enforceable, they would constitute a fraud on plaintiff, who had relied on conversion provisions that suddenly became meaningless.

Plaintiff prayed for a judgment declaring that (a) defendants' notices cancelling the two certificates were null and void; (b) the clauses that

gave the right to cancel and those that gave the right to conversion at age 65 were in conflict, ambiguous, and should be construed favorably to the plaintiff; (c) enforcement of the cancellation provisions so that they prevail over the conversion provisions would constitute a fraud on the plaintiff; (d) defendants are estopped from cancelling the certificates and the coverages provided by them; (e) plaintiff is entitled to such other and further relief as to the court may appear just and appropriate, including recovery for hospital and medical expenses incurred by him from and after June 17, 1970.

## II.

Defendants moved to dismiss the amended complaint on the ground that the certificates could be cancelled by either party on 30 days written notice. The cancellations, they asserted, were effected consistent with the terms of the certificates. After a hearing and the filing of briefs, the trial court ruled that although defendants attempted to cancel the certificates retroactive to April 1, 1969, the notices dated February 10, 1970 were effective 30 days thereafter, on March 10, 1970; that plaintiff's hospitalization occurred after the effective date of the cancellations; that acceptance of premiums by defendants on May 25, 1970 did not estop them from asserting their notices of cancellation; that the cancellation provisions of the certificates were not in conflict with the right of conversion at age 65; that there was no ambiguity in the coverage afforded by the certificates with respect to any of plaintiff's rights or privileges; and that the provisions of the certificates did not constitute a fraud on the certificate holder. After making oral findings and reaching the conclusion that it did not state a cause of action, the court entered an order dismissing plaintiff's amended complaint, with prejudice.

In this appeal, it is plaintiff's contention that the cancellation and conversion provisions of the two certificates were mutually repugnant; therefore, the provisions for cancellation were void as against the provisions which gave him the right to convert the certificates on his attaining the age of 65. Plaintiff argues that as a result, he is entitled to a construction of the certificates which would give him hospitalization and medical indemnity coverage until he reaches 65 years of age and the certificates can be converted.

## III.

■■ The certificates were contracts for hospitalization and medical services which by law had to be approved by the Illinois Director of Insurance. (Ill. Rev. Stat. 1967, ch. 32, pars. 562a, 570(5), 571.) In the absence of an allegation to the contrary, we will assume that the Director

approved the certificates in the proper discharge of his official duties. *Sharp v. Hospital Service Corp.*, 55 Ill.App.2d 379, 382, 204 N.E.2d 607. ■■■ As in the case of contracts generally, the certificates should be read to determine the intent of the parties in order that the agreement can be given effect. (See *Scott v. Inter-Insurance Exchange of Chicago Motor Club*, 352 Ill. 572, 186 N.E. 176; *Nationwide Insurance Co. v. Ervin*, 87 Ill.App.2d 432, 231 N.E.2d 112; Couch on Insurance 2d §§ 15:7, 15:9.) Accordingly, we have read the certificates and conclude that plaintiff and defendants intended to give either party the right to cancel the certificates on 30 days written notice, for any reason. They further intended that if the certificates were in force when plaintiff reached the age of 65 (that is, if they had not been cancelled in the meantime) the certificates could be converted into one then being offered by defendants to persons in the group to which plaintiff belonged. The power to cancel was valid. (See *Brown v. Federal Life Insurance Co.*, 353 Ill. 541, 187 N.E. 484.) When read with the conversion provisions, it did not make either clause ambiguous. We cannot, by distortion of language or the exercise of inventive powers, create an ambiguity where none exists. (*Wallace v. Blue Cross Hospital Service, Inc.*, 13 Ill.App.3d 803, 300 N.E.2d 531; *Bartulis v. Metropolitan Life Insurance Co.*, 72 Ill.App.2d 267, 218 N.E.2d 225.) Nor can we construe the certificates as noncancellable. Courts, in construing contracts, must enforce the agreement the parties make, not make a better or different one for them. (*Murray v. Kaskaskia Live Stock Insurance Co.*, 204 Ill.App. 568; *Boyle v. Inter-Insurance Exchange of Chicago Motor Club*, 335 Ill.App. 386, 82 N.E.2d 179; Couch on Insurance 2d § 15:37.) Therefore, it is our judgment that the cancellation and conversion provisions of the two certificates were not mutually repugnant, and that the cancellation provisions need not give way to those which gave plaintiff the right to convert the certificates on his attaining the age of 65. Plaintiff's amended complaint for declaratory judgment did not state a cause of action. Consequently, dismissal was not error. The order is affirmed.

Affirmed.

STAMOS, P. J., and HAYES, J., concur.