(100 App. Div. 12)

### HAWLEY v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. SURETYSHIP—EMPLOYÉ'S BOND—LIABILITY OF SURETY—DISCOVERY OF MIS-
APPROPRIATION—TIME OF DISCOVERY.

　　Where an employé's bond stipulated that the surety should be liable for any misappropriation by the employé during the continuance of the bond or a renewal thereof, and discovered during such continuance or within six months thereafter, or within six months from the dismissal of the employé, the surety was liable for a misappropriation occurring during the continuance of the bond, though not discovered until more than six months thereafter, where the employé was dismissed at once on the discovery being made.

2. SAME—EXPIRATION OF BOND—MISAPPROPRIATION UNDER BOND—CONTINU-
ANCE OF LIABILITY.

　　While an employé was bonded by defendant surety company, he misappropriated money, but discovery thereof was not made until he was under a second bond issued by defendant. The bonds provided that "on the issuance of any bond subsequent hereto all responsibility hereunder shall cease," and that the intention was that but one bond should be in force at one time. *Held* that, while the surety was not liable for the misappropriation under the second bond, it was liable under the first bond; the provision that all responsibility should cease not amounting to a provision that all liability should cease.

3. SAME—EMPLOYER'S CERTIFICATE.

　　Where an employer, in making a certificate to the surety on the giv·ing of a bond by the employé, stated that the employé was trustworthy, to the best of his knowledge, the fact that the employé had misappropriated funds did not constitute a breach of the warranty in the certificate, in the absence of any showing that the employer had any knowledge or suspicion at that time that the employé was not honest and reliable.

Appeal from Trial Term, Erie County.

Action by Frank T. Hawley, as grand master of the Switchmen's Union of North America, against the United States Fidelity & Guaranty Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Love & Quackenbush and George P. Keating, for appellant.
John Cunneen, V. H. Riordan, and Henry W. Kileen, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was brought upon bonds given by the defendant as surety for one Tipton, the secretary and treasurer of the Switchmen's Union, represented by the plaintiff, to recover an amount misappropriated by Tipton. There were two bonds—one given January 11, 1899, and the

other June 5, 1900. The whole amount misappropriated was $2,638.89. The jury, by a special verdict, found that $1,035 of this amount was misappropriated during the time the first bond was in force, and before the second bond was given. Concededly, the remaining $1,603.89 was misappropriated after the second bond was given, and while it was in force. ·The theory of the plaintiff, presented by his complaint and upon the trial, is that the second bond was not a separate and distinct one, but was a renewal of the first one—a continuance of the original liability in an increased amount—and for that reason, among others, the $1,035 was recoverable, even though misappropriated before the second bond was given. It seems to us, however, that this amount is recoverable, even regarding the bonds as separate and distinct obligations. A determination of this question involves a construction of some of the language of the bonds. They both alike provide that the defendant shall be liable for moneys misappropriated—and now we quote—

"Occurring during the continuance of this bond or any renewal thereof and discovered during said continuance, or within six months thereafter, or within six months from the death or dismissal, or retirement of the employé from the service of the said employer."

And again:

"That the Company, upon the execution of this Bond, shall not thereafter be responsible to the employer, under any bond previously issued to the employer on behalf of said employé, and upon the issuance of any bond subsequent hereto upon said employé in favor of said employer, all responsibility hereunder shall cease and determine it being mutually understood that it is the intention of this provision that but one (the last) bond shall be in force at one time, unless otherwise stipulated between the employer and the company."

1. It is said that the misappropriation of this $1,035 was not discovered within the time provided in the bond, as above quoted, and therefore it cannot be recovered. The second bond was given June 5, 1900, and the discovery of the misappropriation was not until March 6–11, 1901. So that it may be said the discovery was not during the continuance of the first bond, or within six months thereafter. But the employé was dismissed at once upon the discovery being made. So that the discovery was within six months from his dismissal or retirement from the service of the employer. There is no reason, under this provision of the bond, therefore, why this amount should not be recovered.

2. It is said that no recovery can be had of this amount under the second bond, by reason of the provision above quoted—the misappropriation having occurred before such bond was given—and this is true. But a recovery can be had for this amount under the first bond, and nothing in the provision above quoted forbids such recovery. The language is that "upon the issuance of any bond subsequent hereto * * * all responsibility hereunder shall cease and determine," and then it is added that the intention is that but one bond shall be in force at one time. In this case the defendant was liable under the first bond for this $1,035 before the second bond was given, though the discovery of the misappropriation had not been made. The defendant did not, upon giving the second bond, become liable thereunder for this amount upon discovery of the misappropriation. Was it the intention of the

provision quoted to release the defendant, upon the giving of the second bond, from all liability for the money which had been misappropriated, but not then discovered?  The language of the former provision quoted implies that the defendant would be liable for money misappropriated during the continuance of the first bond, though not discovered for six or more months thereafter.  So that, if the first bond had been terminated for any other reason than because another one was given, the liability would continue beyond the continuance of the bond, until the discovery of the misappropriation.  It is not reasonable to suppose that in the same bond the provision was made that a liability thereunder not discovered at the time a subsequent bond was given would be canceled by the giving of such subsequent bond.  The more reasonable construction of the provision quoted is that the intention was to terminate all responsibility under the first bond upon the issuance of the second one, so far as future misappropriation was concerned, so that there should be but one bond in force at the same time, but that it was not intended to cancel any liability already incurred while the first bond was in force.  The rule of liability would then be the same, whether the first bond was terminated by the giving of a second bond, or for any other reason.  Liability already incurred for undiscovered misappropriation would still continue.  The provision is that all responsibility, not all liability, should cease and determine upon the issuance of the subsequent bond.  It would be unconscionable to provide that all liability for prior undiscovered misappropriation should be canceled by the giving of the second bond.

So much for the right to recover this $1,035.  It is said that no recovery can be had of the $1,603.89 under the second bond because the employer's certificate, made when that bond was given, constituted a warranty of the facts therein stated, or at least a misrepresentation of facts upon which the defendant relied in issuing the bond..  The difficulty about this contention is that in either case it must appear that the statements made were untrue; otherwise there would be no breach of the warranty, and no ground for defeating the bond by reason of false representations.  The statements as to the employé's former conduct, performance of his duties, keeping of his accounts, and freedom from default, are stated upon the best of the knowledge and belief of the employer; and it is not claimed that the plaintiff, or those representing him, had any knowledge, information, or suspicion at that time that the employé was not perfectly honest and reliable.  The statement that his accounts were found on examination to be correct up to that time was true.  They did not discover for months thereafter that he had misappropriated this $1,035 prior to the giving of the second bond.  There was no absolute statement that he was honest or reliable or free from default, or that his accounts were correct.  The statement was to the best of the employer's knowledge and belief, and there is no reason for saying such statements were untrue, or that his employer had any idea that he was not just what he should be.  Our conclusion is that the judgment and order should be affirmed.

Judgment and order affirmed, with costs.  All concur.