*ment Co.,* 139 App. Div. 724.) The fact that the plaintiff is a representative of the deceased does not afford to her any further or additional rights. (*Merguelle* v. *Continental Bank Note Co., supra.*)

The order, in so far as appealed from, is reversed, with ten dollars costs and disbursements.

BURR, THOMAS, CARR and RICH, JJ., concurred.

Order, in so far as appealed from, reversed, with ten dollars costs and disbursements.

---

ALEX. CAMPBELL MILK COMPANY, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

Second Department, February 20, 1914.

Insurance — bond securing employer against loss by defalcation of employee — renewals of original bond — when bond and renewals create separate liabilities.

Action to recover upon a bond securing an employer (the plaintiff) against losses occasioned by defalcations of an employee. The original bond insured the employer for the period of one year, and thereafter yearly "continuation certificates" were issued, subject to the conditions of the original bond. The latter provided that the insurer (the defendant) should not be responsible upon any bond previously issued; that only the last bond "shall be in force at one time;" that the defendant shall not be liable under the bond in excess of a sum stated.

*Held,* that the original bond and the several renewals thereof created separate liabilities, and that the defendant was liable, within the yearly limit provided, for the loss by defalcations of the employee during the designated periods of time.

APPEAL by the defendant, United States Fidelity and Guaranty Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of October, 1910, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of November, 1910, denying defendant's motion for a new trial made upon the minutes. The jury rendered both a general verdict and a special verdict.

*Jerry A. Wernberg* [*Robert Gray* and *Leonidas Dennis* with him on the brief], for the appellant.

*James C. Cropsey* [*Charles C. Clark* with him on the brief], for the respondent.

Judgment and order affirmed, with costs, upon the opinion of Mr. Justice STAPLETON at Trial Term.

JENKS, P. J., BURR, THOMAS, CARR and RICH, JJ., concurred.

The following is the opinion of the court below:

STAPLETON, J.:

This is a motion to set aside a verdict and for a new trial.

I am satisfied that the only question raised requiring any discussion other than occurred upon the trial relates to a construction of the provisions of the bond claimed by the defendant in exoneration of its liability.

The defendant in consideration of $12.50 executed a bond on December 8, 1904, obligating itself to reimburse and make good to the plaintiff, an employer, all and any pecuniary loss sustained by it through the defalcation of an employee amounting to larceny for the period from December 8, 1904, to December 8, 1905, limiting its liability thereunder to $2,500. On November 1, 1905, for an additional premium of the same amount, it issued a continuation certificate reading as follows:

" CONTINUATION CERTIFICATE

" No. 5-17010.

" FIDELITY DEPARTMENT.

Amount        $2,500.00
Premium            12.50

" THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

" HOME OFFICE, BALTIMORE, MD.

" IN CONSIDERATION of the sum of Twelve & $\frac{50}{100}$ Dollars, The United States Fidelity & Guaranty Company hereby continues in force Bond No. 1204-4 in the sum of Twenty-five Hundred Dollars, on behalf of CLARENCE WILSON in favor of ALEX. CAMPBELL MILK CO. for the period beginning the 8th day of December, 1905, and ending on the 8th day of December, 1906,

subject to all the covenants and conditions of said original bond heretofore issued, on the 8th day of December, 1904.

" *Witness* the signatures of the President and Ass't Secretary this 1st day of November, 1905.

"W. W. SYMINGTON,                    JOHN R. BLAND,
    " *Ass't Secretary.*                              *President.*"

On November 1, 1906, it issued a similar certificate for the period beginning December 8, 1906, and ending December 8, 1907. On November 1, 1907, it issued a similar certificate for the period beginning December 8, 1907, and ending December 8, 1908.

On September 25, 1908, it was discovered by the plaintiff that its employee whose fidelity was assured by the defendant was a defaulter. An expert examination of his accounts revealed and the verdict here establishes that plaintiff's loss was and occurred during the periods as follows:

| | | |
|---|---:|---:|
| Plaintiff's loss under original bond was | $1,480 | 00 |
| Interest thereon to time of filing claim was | 253 | 00 |
| Plaintiff's loss under first renewal was (There was no interest on this loss for it exceeds $2,500) | 3,590 | 00 |
| Plaintiff's loss under second renewal was | 458 | 00 |
| Interest thereon to time of filing claim was | 23 | 59 |
| Plaintiff's loss under third (the last) renewal | 2,161 | 28 |
| Interest thereon to time of filing claim | 7 | 92 |
| Making a total of | $7,973 | 79 |
| As, however, the loss under the first renewal was more than the liability, there must in any event be deducted from the above total the difference, viz. | 1,090 | 00 |
| The result is | $6,883 | 79 |

The bond contained this provision:

" The Company, upon the execution of this Bond, shall not thereafter be responsible to the Employer, under any bond previously issued to the Employer on behalf of said Employe, and upon the issuance of any Bond subsequent hereto upon said Employe in favor of said Employer, all responsibility hereunder

shall cease and determine, it being mutually understood that it is the intention of this provision that but one (the last) Bond shall be in force at one time, unless otherwise stipulated between the Employer and the Company."

The defendant's contention that plaintiff may not recover in excess of $2,500 under the bond and the three continuation certificates because of this provision has been overruled by the courts of this State. (*Hawley* v. *United States Fidelity Company*, 100 App. Div. 12; affd., 184 N. Y. 549.)

The bond also contained the following provision:

"The Company shall not in any wise be responsible to the Employer, under this Bond, to a greater extent than Twenty-five hundred dollars."

Each of the continuation certificates contains the following provision:

"In consideration of the sum of ——— Dollars, The United States Fidelity & Guaranty Company hereby continues in force Bond No. ——— in the sum of ——— Dollars, on behalf of ——— in favor of ——— for the period beginning the ——— day of ———, 190–, and ending on the ——— day of ———, 190–, subject to all the covenants and conditions of said original bond heretofore issued."

Defendant insists that the association of these clauses by reference limits the liability in any event to $2,500. I cannot so read the instruments. In my judgment the bond and the renewals establish distinct liabilities. The obligation of the bond is to make good the loss occurring during its term, the obligation of each renewal is to make good the loss occurring during its term. Each stands upon its separate consideration and provides for its designated period of time. (*United States Fidelity & Guaranty Co.* v. *Williams*, 49 So. Rep. [Miss.] 742, and cases cited.)

By neither bond or renewals in express terms or necessary implication is cumulative liability under all inhibited, or aggregate liability under all definitely fixed. Thus the cases construing bonds and renewals effectively containing such provisions have no application.

The plaintiff is entitled to recover upon his theory as submitted to and found by the jury as hereinbefore indicated.

Second Department, April, 1914.          [Vol. 161.

It should have interest from January 1, 1909 (that date being three months after the claim was filed), the date when the obligation of the defendant to pay was perfected under the terms of the bond. This motion is denied. Plaintiff's motion for an extra allowance is denied.