WILLIAM C. McCOLLOM, as Sheriff of the County of Suffolk, Plaintiff, *v.* THE ÆTNA CASUALTY AND SURETY COMPANY, Defendant.

Second Department, June 3, 1940.

*Guy O. Walser,* for the plaintiff.

*J. Francis Hayden* [*Leo T. Kissam* with him on the brief], for the defendant.

PER CURIAM. Plaintiff was sheriff of Suffolk county from January 1, 1935, to December 31, 1937. On March 1, 1936, he appointed one Ferdinand O. Warner as deputy sheriff for a term beginning March 1, 1936, and ending December 31, 1937. On March 21,

1936, Warner, as principal, and defendant, as surety, executed and delivered to plaintiff a bond in the face amount of $2,000, conditioned upon Warner's faithful discharge of his duties as deputy sheriff. The bond was not limited as to time, except in so far as the recital stated: "WHEREAS, the above bounden principal has been duly appointed to the office of Deputy Sheriff for the term commencing March 1st, 1936 and ending December 31st, 1937." Upon execution of the bond Warner paid ten dollars, the premium for the period from March 1, 1936, to February 28, 1937. On March 1, 1937, Warner paid eight dollars and thirty-six cents, the prorated premium from March 1, 1937, to December 31, 1937, when Warner's term of office expired. While the bond was in full force and effect, Warner embezzled money and property which came into his hands as deputy sheriff. The total amount of the embezzlement was $3,606.41, of which $1,955.10 was misappropriated during the period from March 1, 1936, to February 28, 1937, and $1,651.31, during the period from March 1, 1937, to December 31, 1937. By reason of Warner's misconduct, plaintiff, as sheriff, became liable for the total amount of the embezzlement. Plaintiff demanded payment of this sum from defendant, and upon defendant's refusal to pay commenced an action in the Supreme Court of Suffolk county against defendant and Warner. On November 2, 1939, defendant paid plaintiff $2,000, the face amount of the bond, to be applied on account of the claim, without prejudice to the balance of plaintiff's claim or defendant's objections and defenses. The parties agreed not to prosecute the action, pending the submission and determination of the controversy, and to discontinue the action when the controversy shall have been decided.

Upon the foregoing facts plaintiff claims that the bond afforded liability up to its face amount — $2,000 — for the period from March 1, 1936, to February 28, 1937, and also afforded liability in the same amount for the period from March 1, 1937, to December 31, 1937. In other words, plaintiff claims that each premium (renewal) payment established a new liability. Since the amounts embezzled during these periods were, in each instance, less than $2,000, to wit, $1,955.10 and $1,651.31, respectively, plaintiff claims he is entitled to judgment for $1,606.41, the balance unpaid by defendant. Defendant, on the other hand, contends that the bond was a continuing one covering Warner's term of office, beginning March 1, 1936, and ending December 31, 1937, and that its total liability is, therefore, limited to $2,000, the face amount of the bond.

In our opinion judgment should be directed for defendant. The bond does not impose cumulative liability. A reading of the bond clearly shows that it continued, according to its terms, not for one

year but for Warner's term of office, to wit, one year and ten months. True, this term is specified in the recital and not in the condition of the bond, but recourse may be had to the recital to show the intention of the parties. (*O'Brien* v. *Murphy*, 175 Mass. 253; 56 N. E. 283.)

Judgment directed for defendant, without costs.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Judgment unanimously directed for defendant, without costs.