WILLIAM G. DILLON, Appellant, *v.* ROCKAWAY BEACH HOSPITAL AND DISPENSARY, Respondent.

Argued October 8, 1940; decided November 19, 1940.

*John J. Cunneen* and *Joseph A. Byrne* for appellant.

*Clarence S. Zipp, William S. O'Connor* and *Daniel Miner* for respondent.

FINCH, J.   This is an action by a paying patient against a charitable hospital to recover for injuries sustained as a result of the negligence of the latter's servants.   At the close of the plaintiff's case the complaint was dismissed without prejudice.   It is necessary, therefore, to consider the evidence in the light most favorable to the plaintiff.

Plaintiff was admitted to the hospital on November 27, 1936, at eight A. M., preparatory to undergoing an operation.   At about five-thirty P. M., a hospital attendant brought in an electric light lamp having a reflector which was hung on top of the bedstead at the foot of the bed.   The lamp was attached by two hooks similar to the earbows of eye glasses.   Plaintiff was taken to the operating room at about eight P. M., and at that time the lamp was still hanging on the end of the bed.   For purposes of the operation, he was given a spinal anesthetic which " deadened " his body from about the middle of the body to the end of his feet.   When he was brought back to his room by two attendants about one hour after he had left, he did not see the lamp on the bedstead.   Plaintiff was put into bed and covered with a sheet and spread which had been there Fifteen minutes later, a special nurse whose services were paid for by plaintiff came into the room.   At about midnight plaintiff felt a burning sensation in his feet and complained to the special nurse and another nurse who had come into the room.   The other nurse lifted the bed clothes and removed an electric light lamp, the same lamp which previously had been hung on the bedstead.   Upon subsequent examination the foot was found to be severely burned.   Counsel for defendant conceded that plaintiff's doctor if called would have testified that when plaintiff was brought back to his room after the operation, his foot had no such burn and that such a burn could be produced by the lamp in question.

Respondent contends that the foregoing does not amount to a *prima facie* case because it contains no proof (1) that

the burn was caused by the lamp, and (2) that the lamp was in a position to burn plaintiff's foot as a result of the negligence of any person for whose act or omission defendant is liable.

We find that plaintiff's evidence was sufficient to entitle him to go to the jury.

Circumstantial evidence is sufficient if it supports the inference of causation or of negligence even though it does not negative the existence of *remote* possibilities that the injury was not caused by the defendant or that the defendant was not negligent. " It is enough that he [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." (*Ingersoll* v. *Liberty Bank,* 278 N. Y. 1, 7; *Cornbrooks* v. *Terminal Barber Shops, Inc.,* 282 N. Y. 217, 223; *Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166; *Martin* v. *Herzog,* 228 N. Y. 164, 170.)

That the burn was caused by the lamp was sufficiently proved. Plaintiff's evidence, if believed, showed that he had no burn on his foot when put into bed after the operation; that while he was in bed he felt a burning sensation; that the lamp was removed from the vicinity of his foot; that after the lamp was removed, the heat pain abated; that plaintiff's foot suffered a severe burn; and that the burn is of a kind which could be caused by the lamp in question. Upon a trial, such a chain of evidence must be deemed sufficient to permit the jury to infer that the lamp caused the injury. To hold otherwise and to determine as a matter of law that the foregoing evidence is insufficient would impose an unduly stringent standard greatly in excess of the requirements of reasonable proof. (1 Wigmore on the Law of Evidence [3d ed.], § 41.)

The proof was also sufficient to permit the jury to find that the injury was caused by the negligence of defendant's servants.

Although defendant alleges itself to be a hospital organized for charitable purposes as well as for the treatment of paying patients, no argument for immunity in the case at bar

has been offered upon that score. Indeed, it is now settled that even a charitable hospital is liable for the acts of its servants. (*Sheehan* v. *North Country Community Hospital*, 273 N. Y. 163.) The liability depends not so much upon the title of the individual whose act or omission causes the injury, as upon the character of the act itself. (*Phillips* v. *Buffalo General Hospital*, 239 N. Y. 188.) In that case, the designation of the actor as an orderly was held not to impose liability for an act for which the hospital would not have been liable had the actor been a nurse. And conversely it has been held in a persuasive case in England that a hospital is not relieved of liability regardless of the character of the act simply because the individual actor bears the title of a medical doctor. (*Lindsey County Council* v. *Marshall*, [1937] A. C. 97.) The rule has been summarized by an eminent writer as follows: " The law, therefore, appears to be that, while a hospital authority may be not liable for medical treatment by doctors or nurses, provided reasonable care has been exercised in their selection, it will be liable for any of their negligent acts or omissions not directly concerned with medical treatment but in respect of which the doctors or nurses could be considered as the servants of the authority." (Clerk & Lindsell on Torts [9th ed.], p. 274.)

Defendant does not dispute that the act or omission which caused plaintiff's injury is one for which it may be held liable in a proper case, but contends that proof in the case at bar was insufficient. It is said that plaintiff failed to exclude the possibilities that he suffered his injury as the result of some act of his own special nurse, or his own doctor, or someone else not entailing liability on the part of the hospital. So far as the nurse is concerned, her participation was not an issue at the trial, as such issues were defined by the pleadings, for the answer of defendant itself alleges in paragraphs " Fifth " and " Sixth," " that the alleged injuries received by the said plaintiff were due in no sense to any negligence or failure on the part of said persons," of whom the nurse was one. The answer

to this present contention of the plaintiff, however, need not be rested on the pleadings, for as part of his case plaintiff testified that the special nurse did not enter the room until fifteen minutes after his return from the operating room, at which time the lamp was no longer on the bedstead. As for the whereabouts of plaintiff's doctor while plaintiff was in the operating room, the chances that he entered plaintiff's private room during that interval and did anything in connection with the bedsheets or the lamp are especially slight, and, therefore, within the rule concerning remote possibilities stated in the decisions cited above.

There remains one further possibility suggested by defendant: that the actor was " someone * * * not engaging defendant's responsibility." Plaintiff testified that the lamp was attached loosely to the bedstead by an attendant working about the hospital, and he was put into bed, after the operation, by hospital attendants. Surely their conduct as servants imposes liability upon defendant, in a situation such as that presented in the case at bar. If it is intended to suggest that some complete stranger entered the room during plaintiff's absence and tampered with the bed or the lamp, then the possibility is so remote as to tax the imagination. Defendant's argument concerning " someone else not engaging defendant's responsibility " is perhaps also intended to be an oblique reference to the possibility that the actor was a physician or nurse upon its staff. As to this the answer is several-fold; *first*, the evidence on behalf of plaintiff expressly describes attendants and not physicians or nurses; *second*, the possibility that either a nurse or physician would be occupied, while plaintiff was in the operating room, by a task in connection with the lamp or the making of the bed is extremely slight; and *third*, even if the act were done by such a person, defendant would not be relieved of responsibility, for the act is of a kind performed by a servant, and it is undisputed that such is the character of the act in the case at bar. (*Phillips* v. *Buffalo General Hospital, supra; Lindsey County Council* v. *Marshall, supra.*)

The circumstantial evidence introduced to show defendant's negligence negatives all but bare possibilities that defendant was free from any negligence and, therefore, was sufficient to constitute a *prima facie* case as established by the authorities.

Plaintiff having introduced sufficient evidence to go to the jury both on the questions of negligence and of causation, it was error to withdraw the case from the jury and nonsuit plaintiff.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.