ROLLAND E. HAMPTON, as Administrator, etc., of ROBERT A. HAMPTON, Deceased, Appellant, v. WILLIAM KRETZER and EUGENE MONTCHAL, Respondents.— Action to recover damages for wrongful death as a consequence of plaintiff's decedent, while riding on a bicycle, being struck by a truck owned by respondent Kretzer and operated by respondent Montchal. Order setting aside a verdict in favor of the plaintiff and granting a new trial reversed on the law and the facts, with costs, the motion to set aside verdict denied, the verdict for plaintiff reinstated, and judgment directed to be entered thereon, with costs. The record discloses that there were plain questions of fact as to negligence and contributory negligence, the determination of which either for or against the plaintiff should not have been disturbed in the exercise of sound discretion. The trial court here has, in effect, substituted his view of the disputed questions of fact for the determination of the jury. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

LOUIS T. HOUSE, a Person Mentally Incapable of Protecting His Rights, by WARREN J. HOUSE, His Guardian ad Litem, Respondent, v. EUGENE SCHEFFLER, Appellant. (Appeal No. 1.) LOUIS T. HOUSE, a Person Mentally Incapable of Protecting His Rights, by WARREN J. HOUSE, His Guardian ad Litem, Respondent, v. EUGENE SCHEFFLER, Appellant. (Appeal No. 2.) — Action to recover damages for personal injuries sustained by plaintiff when defendant's automobile, in which plaintiff was riding as a guest, went off the highway and into a ditch. Appeal No. 1 is by defendant from an order granting plaintiff's motion for the examination of the defendant before trial. Appeal No. 2 is by defendant from an order denying defendant's motion for a separate and prior trial of the issues raised by a defense of general release. Both orders affirmed, with one bill of ten dollars costs and disbursements (*Romania* v. *Lamport & Holt, Ltd.*, 207 App. Div. 861; *Fonville* v. *Irving Poultry Co., Inc.*, 243 id. 528), the examination of defendant to proceed upon ten days' notice. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

EDWARD T. HOWE, Respondent, v. MEDICAL ARTS CENTER HOSPITAL, Also Known as MEDICAL ARTS SANITARIUM, INC., Appellant.— In an action to recover damages for personal injuries sustained by plaintiff who, while a patient in defendant's hospital, was burned about the thighs through the negligent application of hot water bags by an undergraduate nurse, plaintiff recovered judgment in the sum of $12,679.11. Judgment reversed on the facts and a new trial granted, with costs to appellant to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce to $7,500 the amount of the verdict rendered in his favor; in which event the judgment, as so reduced, is unanimously affirmed, without costs. The evidence was sufficient to support a finding by the jury that the injury was caused by the negligence of the undergraduate nurse. (*Dillon* v. *Rockaway Beach Hospital*, 284 N. Y. 176.) Defendant had the duty of furnishing plaintiff with a reasonably competent nurse. (*Laubheim* v. *De K. N. S. Co.*, 107 N. Y. 228; *Robertson* v. *Towns Hospital*, 178 App. Div. 285.) From the fact that the nurse was an undergraduate, and from the evidence as to the investigation made by the defendant concerning her qualifications when she entered its employment, the jury was entitled to conclude that the defendant had failed in its duty. (*Ward* v. *St. Vincent's Hospital*, 39 App. Div. 624.) In our opinion, however, the verdict was excessive. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.