ANTHONY DeFEO, Respondent, v. THE CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff when he slipped and fell upon snow and ice at a crosswalk in a public highway, judgment in favor of plaintiff reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. In our opinion plaintiff failed to establish a cause of action against the municipality. (*Balzer* v. *City of New York*, 279 N. Y. 742; *Shyatt* v. *City of New York*, 283 id. 708.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

WILLIAM G. DILLON, Respondent, v. ROCKAWAY BEACH HOSPITAL AND DISPENSARY, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff when his feet were burned by a bed lamp while he was a patient in defendant's hospital (see S. C., 259 App. Div. 1033, and 284 N. Y. 176), judgment in favor of plaintiff against defendant, entered upon a jury verdict, unanimously affirmed, with costs. The alleged errors were not harmful to appellant. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

JOHN J. FLANNERY, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Action by a non-revocable beneficiary of three ten-year policies issued by defendant insuring the life of one Patrick Hanley, for reinstatement and renewal thereof upon their respective maturity dates on March 11, 1939, April 9, 1939, and October 28, 1939. The original complaint in this action, commenced November 18, 1932, was for reinstatement of the policies. After these policies in any event would have matured, and on January 5, 1940, the insured died. Thereafter plaintiff served a supplemental complaint seeking renewal of each of the policies for another term of ten years and alleging that prior to maturity he had given notice demanding such renewal. Order denying defendant's motion for summary judgment dismissing the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs. Although plaintiff as non-revocable beneficiary had a vested interest in the proceeds of each of the policies, this interest was in accordance with the terms of the policies and the plaintiff was not entitled in his own behalf to renew them in the absence of an application by the insured. (§ 146 of the Insurance Law, formerly § 55 of the Insurance Law; *Hodgson* v. *Preferred Accident Ins. Co.*, 182 App. Div. 381, 386; *Campbell Milk Co.* v. *U. S. Fidelity & Guaranty Co.*, 161 App. Div. 738.) In addition, the pertinent provision of the policies required an affirmative act on the part of the insured as a condition precedent to renewal. Under ordinary circumstances, where the insurer has wrongfully insisted that the policies have lapsed for nonpayment, an application by the insured would be unnecessary, as it would be presumed that he would have made such application had it not been for the conduct of the insurer. (*Dulberg* v. *Equitable Life Assurance Society* 277 N. Y. 17.) Such a presumption is conclusively rebutted in the present case, however, as it is undisputed that the insured, so far as he was concerned, sought cancellation of the policies even prior to the expiration of the original term. Lazansky, P. J., Carswell, Taylor and Close, JJ., concur; Hagarty, J., not voting.