GERTRUDE GOLDMAN, as Administratrix, etc., of FRANK GOLDMAN, Deceased, Appellant, v. ASHER WINKELSTEIN, Defendant, and THE MOUNT SINAI HOSPITAL,

Respondent.— This is a negligence action brought by the plaintiff, as administratrix, to recover damages resulting from the death of plaintiff's intestate. The sufficiency of the complaint is not involved on this appeal. We assume that the theory on which the plaintiff predicates her cause of action is that respondent The Mount Sinai Hospital is liable for negligent acts or omissions not directly concerned with medical treatment. As a separate and complete defense, the hospital pleads that it is a charitable membership corporation, that the deceased was a beneficiary of its undertaking, and, therefore, the plaintiff cannot maintain this action against it. Order denying the plaintiff's motion to strike the defense, which is designated as the second, separate and complete defense, from the answer of defendant The Mount Sinai Hospital, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The recognized rule of law now is that a charitable institution is not exempt from the rule of *respondeat superior* in the event of injury to a beneficiary occasioned by the negligence of its servants or employees. (*Dillon* v. *Rockaway Beach Hospital*, 284 N. Y. 176, 180; *Sheehan* v. *North Country Community Hospital*, 273 id. 163.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.