MICHAEL RABIN et al., Plaintiffs, *v.* BROOKLYN TRUST COMPANY, Defendant.

Supreme Court, Special Term, Kings County, December 29, 1947.

*Benjamin Feldstein* for plaintiffs.

*Cullen & Dykman* for defendant.

FROESSEL, J. Motion by plaintiffs for an order, pursuant to section 443 of the Civil Practice Act, directing a separate trial of the issue of liability for negligence prior to the trial of the issue of damages.

Subdivision 3 of section 443 of the Civil Practice Act provides as follows: " The court, in its discretion, may order one or more issues to be separately tried prior to any trial of the other issues in the case."

This provision of law has most often been applied in the trial of pleas in bar, such as the Statute of Limitations, a discharge in bankruptcy, a release, a former adjudication, a plea to the jurisdiction, and in other special instances such as equitable counterclaims not involving the merits of plaintiffs'

action, as for reformation. (4 Carmody on New York Pleading and Practice, § 1286b, and cases cited therein.) While the language of the statute does not by its terms exclude from its application ordinary negligence actions, yet, so far as I have been able to ascertain, during the forty years since its enactment as section 973 of the Code of Civil Procedure (L. 1907, ch. 526), a trial of the issue of damages in such actions has never been ordered separate and apart from the issue of liability. In *McGurty* v. *Delaware, L. & W. R. R. Co.* (172 App. Div. 46) where a defendant moved for a separate trial of the issue raised by the answer with reference to a release, the court said (p. 47): "The section does not indicate, however, the propriety of following such practice in every negligence case. * * * Doubtless instances, such as aggravated injuries, or injuries under conditions likely to engender prejudice in the minds of the jurors, will be presented, suggesting the advisability of a separate trial as a means of reaching most closely a just result. *It is our opinion, however, that the usual negligence case does not ordinarily present a situation calling for this more cumbersome procedure.*" (Italics supplied.) In that case, the court reversed the order of Special Term granting the separate prior trial.

The *McGurty* case (*supra*) was cited and followed by the late Mr. Justice ALDRICH in *House* v. *Scheffler* (27 N. Y. S. 2d 681, affd. 261 App. Div. 1088) as well as by our Appellate Division in *Fonville* v. *Irving Poultry Co.* (243 App. Div. 528). Our Court of Appeals, in sustaining the constitutionality of the statute, suggested its purpose in the following language: "* * * it is at once apparent that the convenience of litigants may be much promoted by a prior trial of various *jurisdictional and preliminary issues,* and it is to be presumed that courts will so administer the provision in question as to make it remedial and beneficial rather than burdensome." (*Smith* v. *Western Pacific Ry. Co.,* 203 N. Y. 499, 504–505. Italics supplied.)

In any event, I do not think that the papers before me justify the granting of the motion by Special Term. There are but fifteen claims ranging from $125 to $7,735, and aggregating slightly over $20,000. If the fire had occurred in a hotel and all the damaged personal property belonged to one owner, the issues of liability and damage would normally be disposed of in a single trial. Because counsel joined fifteen separate causes of action, most of which could be tried speedily in the Municipal Court, and the remainder with a single exception in the City

Court, it does not, in my opinion, call for the application of the statute.

Moreover, in the trial of the issue of liability, not only the cause of the fire, but its location and path throughout the building will very likely be developed, and most of this same evidence may have to be duplicated to prove that the damage to particular personal property is related to this fire. Thus, if plaintiffs' application were granted, there may be a waste instead of a saving of time, with the necessity of two separate jury trials, as well as considerable added expense, and under such circumstances, it has been held that the motion should be denied. (*Romania* v. *Lamport & Holt, Ltd.*, 207 App. Div. 861; *House* v. *Scheffler, supra.*)

Finally, plaintiffs counsel's statement that the issue of damages will consume ten days or two weeks of trial is, in my opinion, greatly overestimated.

Under all the circumstances presented by the papers before me, and in the light of the construction placed upon this statute by our courts over the years, I am constrained to deny the motion.

Submit order.