SIDNEY WHITE, Appellant, v. PROSPECT HEIGHTS HOSPITAL, Respondent.— The appellant was a paying patient in respondent hospital, which had been incorporated for charitable purposes. The surgery for which he had been admitted was successfully performed by his private surgeon. The jury could have found, upon the evidence adduced, that following the operation it became necessary to catheterize appellant; that he was catheterized several times, the first time by an orderly in the employ of the hospital who was not a medical graduate; that the catheterization by the orderly was in accordance with general custom at this hospital; and that appellant received severe injuries as a result of the first catheterization. The fact that a given hospital is a charitable institution does not render it immune from liability to a beneficiary for personal harm caused by reason of negligence. (*Sheehan* v. *North Country Community*

*Hosp.*, 273 N. Y. 163; *Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176; *Gordon* v. *Harbor Hosp.*, 275 App. Div. 1047.) Although it has been held that a hospital is not liable for medical acts performed, on the theory that the undertaking to heal is not that of the hospital but rather that of the individual actor (*Dillon* v. *Rockaway Beach Hosp.*, *supra*; *Phillips* v. *Buffalo Gen. Hosp.*, 239 N. Y. 188), that doctrine should not be extended so as to relieve a hospital from negligence in permitting employees to perform medical acts for which they have no competence. (Cf. *Howe* v. *Medical Arts Center Hosp.*, 261 App. Div. 1088, affd. 287 N. Y. 698; *Roewekamp* v. *New York Post-Graduate Medical School & Hosp.*, 256 App. Div. 957, affd. 283 N. Y. 585, and *Hendrickson* v. *Hodkin*, 276 N. Y. 252.) Judgment dismissing the complaint on the merits, after trial before the court and a jury, reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.