ANNA M. HACKER, Respondent, *v.* ·CITY OF NEW YORK, Appellant, and GEORGE W. HACKER, Respondent.

First Department, January 20, 1966.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for appellant.

*Richard D. Friedman* of counsel (*Friedman, Friedman & Friedman,* attorneys), for Anna M. Hacker, respondent.

BOTEIN, P. J.   In this personal injury action against the City of New York and an individual defendant, the parties stipulated that the issue of liability be tried by the court without a jury, in advance of the issue of damages.   After the trial the court signed a composite opinion and order, dated May 26, 1965, concluding as follows: " The Court finds that the plaintiff has sustained the burden of proof by a fair preponderance of the credible evidence and finds in favor of the plaintiff as against both defendants on the issue of liability, and judgment is directed accordingly.   The assessment of damages is placed on the Trial Term Part I Calendar for June 14th, 1965."   On October 4, 1965 the court signed a judgment and order, styled " Interlocutory Judgment ", which " ADJUDGED that the issue of liability in the above-entitled action is hereby resolved in favor of the plaintiff," and " ORDERED that the trial for the assessment of damages be held on the 13th day of October, 1965."   On November 4, 1965 the court signed a memorandum stating that it withdrew the " so-called interlocutory judgment " of its own motion; and that " the order of the court dated May 26, 1965 is amended deleting the phrase ' and judgment is directed accordingly,' and the assessment of damages herein is placed on the Trial Term, Part XIV calendar for November 15, 1965."

The city has filed a notice of appeal " from the order and judgment (one paper) dated May 26th, 1965 * * * as amended by the order and judgment (one paper) dated November 4th, 1965," and has moved in this court for a stay of the trial of the issue of damages pending the outcome of the appeal. Plaintiff's opposing papers include a request that the appeal be dismissed on the ground that the determination of the issue of liability in her favor is not appealable.

CPLR 603 supplies the chief statutory authority for separate trials of separate issues (see, also, CPLR 4011). Writing in 1947 of section 443 of the Civil Practice Act, a forerunner of CPLR 603, the court in *Rabin* v. *Brooklyn Trust Co.* (191 Misc. 321, 322) said: " This provision of law has most often been applied in the trial of pleas in bar, such as the Statute of Limitations, a discharge in bankruptcy, a release, a former adjudication, a plea to the jurisdiction, and in other special instances such as equitable counterclaims not involving the merits of plaintiffs' action, as for reformation. (4 Carmody on New York Pleading and Practice, § 1286b, and cases cited therein). While the language of the statute does not by its terms exclude from its application ordinary negligence actions, yet, so far as I have been able to ascertain, during the forty years since its enactment as section 973 of the Code of Civil Procedure (L. 1907, ch. 526), a trial of the issue of damages in such actions has never been ordered separate and apart from the issue of liability."

Today severance of the issues of liability and damages in negligence litigation has become an acceptable procedure in appropriate cases (see, e.g., *Berman* v. *H. J. Enterprises,* 13 A D 2d 199; Committee Report, Record of the Association of the Bar, Vol. 20, No. 9 [Dec., 1965], pp. 659, 660); and in principle it would seem that the defendant whose denial of liability is overruled after separate trial should be as privileged to appeal as the defendant whose plea in bar is overruled after separate trial. A recent example of the appellate process in the latter type of case is seen in *Cardy* v. *Cardy* (14 A D 2d 735, 23 A D 2d 117). There a motion was granted for separate prior trial of the issues of *res judicata* and Statute of Limitations raised by the affirmative defenses. The order entered after the trial recited that the two defenses " be and the same hereby are dismissed upon the merits and with costs to plaintiff to abide the trial of the main issues presented by the complaint herein." On the defendant's appeal, the defenses were sustained, the order reversed and the complaint dismissed. In the case now before us, similarly, an order has determined the separately triable issue on the merits and an appeal as of right is author-

ized under CPLR 5701. Pragmatically, such an appeal, though unusual, stemming as it does from a comparatively recent and sparingly used procedure in personal injury litigation, appears to have much the same justification as an appeal from an order granting summary judgment and directing an assessment of damages.

We do not have in this case, it must be emphasized, the " one continuous proceeding " (see *Smith* v. *Western Pacific Ry. Co.*, 203 N. Y. 499, 505), in which the issues of liability and damages proceed to determination together, or in which the issue of liability is first determined by triers who promptly go on to hear the issue of damages. Accordingly, the authorities seem to us irrelevant which hold that rulings in the course of a single trial are not appealable. *Bliss* v. *Londner* (20 A D 2d 640 [2d Dept.]), expressing a view contrary to that here taken (but, see, *Bravata* v. *Russo,* 21 A D 2d 689 [2d Dept.]) appears to rely on such authorities.

Plaintiff's request that the appeal be dismissed should be denied. The appeal being permissible, CPLR 5519 (subd. [a], par. 1) imposes a stay without court order, and as we find insufficient reason in plaintiff's papers to warrant vacating it, the stay previously granted by a Justice of this court pending determination of the instant motion should be confirmed and continued.

BREITEL, VALENTE, McNALLY and STEVENS, JJ., concur.

Motion for a stay granted. Respondent's application to dismiss the appeal is denied.