Alfred J. Callabas, J.
In this personal injury action brought on behalf of an eight-year-old girl, who was a business invitee in its department store, defendant moves to set aside a verdict for plaintiff as being contrary to the evidence. It also renews its motion made at the end of plaintiffs’ case to dismiss the complaint for failure to make out a prima facie case.
It was plaintiffs’ contention that the injury occurred as a result of the child’s finger being caught in the jamb of a glass door which served as one of the entrances to defendant’s store and which was located so close to a play area in said store as to create a condition dangerous to children who frequented the store.
The motions may be granted, of course, only if the trial court concludes that by no rational process could the jury have based its verdict on the evidence considered in the light most favorable to plaintiff (Stein v. Palisi, 308 N. Y. 293; Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241). Such evidence was substantially as follows: While their mother was shopping in another part of the store, the eight-year-old plaintiff and her seven-year-old sister had been permitted to approach a coin-operated mechanical horse provided by defendant for the amusement of children of its customers. The horse in question was situated approximately 30 inches from a heavy glass door which formed part of a large glass partition and served as one of the entrances to the store. While her sister was seated on the horse, the infant plaintiff was standing between the horse’s head and the aforesaid glass door with her back to said door, her right hand on or near the horse’s head and her left *158 hand hanging behind her in close proximity to the door jamb. All of a sudden she felt a sharp pain in the tip of the middle finger of her left hand which had been hanging by the door jamb. Said finger was bleeding profusely and it was later determined that she had suffered a traumatic amputation of the distal end thereof. Neither plaintiff nor her sister was able to testify as to any movement of the door. So far as appears, there were no eyewitnesses to the accident. While the seven-year-old on the horse should have been able to see what happened, it is understandable that her memory at the trial was vague in view of the fact that the accident happened in 1962.
Defendant argues that there was no prima facie showing of negligence and that there was no evidence from which the jury could have inferred that the infant plaintiff’s finger was caught in the door jamb as claimed by plaintiffs.
The instant case is factually similar to Oman v. E. Robison, Inc. (8 N Y 2d 878). Reference to the record on appeal in that case indicates that the defendant store operator maintained a display of toys on the floor of the store about six feet from a glass door, or doors, not dissimilar to the door involved in the instant case. The Court of Appeals, by a divided court, affirmed a judgment for the infant plaintiff upon the ground that location of the toys so near the door opening properly could have been held by the jury to have created a condition dangerous to children who frequented the store and that such condition could have been causative of the child’s injury. It is true that in the Oman case there was direct testimony that the child’s finger was caught in the door while in the instant case any inference as to this would have to be drawn primarily from circumstantial evidence. However, this is not fatal to plaintiffs’ right to go to the jury on this issue. (See Dillon v. Rockaway Beach Hosp., 284 N. Y. 176, 179; Spett v. President Monroe Bldg. & Mfg. Corp., 19 N Y 2d 203, 205.)
As observed in the Dillon case: ‘ ‘ Circumstantial evidence is sufficient if it supports the inference of causation or of negligence even though it does not negative the existence of remote possibilities that the injury was not caused by the defendant or that the defendant was not negligent. 1 It is enough that he (plaintiff) shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.’ (Ingersoll v. Liberty Bank, 278 N. Y. 1, 7; Cornbrooks v. Terminal Barber Shops, Inc., 282 N. Y. 217, 223; Rosenberg v. Schwartz, 260 N. Y. 162, 166; Martin v. Herzog, 228 N. Y. 164, 170.) ”
*159 III the Spelt case, the court, after reaffirming its holding in Dillon, said: “ This court has on numerous occasions upheld jury verdicts where it could not be established by direct evidence that the defendant was in fact responsible for the condition causing plaintiff’s injury but the probability that under all the circumstances defendant was not responsible was slight. (See, e.g., Jackson v. Associated Dry Goods Corp., 13 N Y 2d 112; Garippa v. Wisotsky, 305 N. Y. 571; Hughes v. Borden’s Farm Prods. Co., 252 N. Y. 532; see, also, Fisch, New York Evidence, § 216, p. 119.) ”
In my opinion there was sufficient evidence in the instant case from which the jury could have found that the juxtaposition of the toy horse and the entrance door constituted negligence and could have inferred that the accident happened in the manner claimed by plaintiff. Consequently, defendant’s motions are denied.