RUDOLPH THRILES, Appellant, v. DIC CONCRETE CORPORATION et al., Respondents, et al., Defendants.—

No opinion. Hopkins, Acting P. J., Latham and Christ, JJ., concur; Munder and Shapiro, JJ., concur in affirmance of the judgment insofar as it is in favor of defendant Glickman Corp. and otherwise dissent and vote to reverse the judgment insofar as it is in favor of defendant Dic Concrete Corp. and to grant a new trial as against the latter defendant, with an opinion by Shapiro, J., in which Munder, J., concurs. Shapiro, J. (dissenting in part). This in an appeal by the plaintiff from a judgment entered against him upon a dismissal of his complaint at the close of the entire case. In my opinion it was error to grant the motion to dismiss made by the defendant Dic Concrete Corp. (Dic). The trial court was obligated to consider the facts adduced at the trial in the light most favorable to the plaintiff (*Prince* v. *City of New York*, 21 A D 2d 668) and to give him the benefit of all favorable inferences which could be drawn therefrom (*Holmberg* v. *Donohue*, 24 A D 2d 569; *Merchants Nat. Bank & Trust Co.* v. *State Mut. Life Assur. Co.*, 18 A D 2d 772). The test is not whether a plaintiff's verdict would be set aside as contrary to the weight of the credible evidence, but whether the trial court could hold, as a matter of law, that there was no rational process by which the jury could have found for the plaintiff (cf. *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245; *Wessel* v. *Krop*, 30 A D 2d 764; *Prince* v. *City of New York*, supra). In viewing the evidence in the light most favorable to the plaintiff, I believe sufficient was shown to present a triable issue for jury consideration as against Dic. The plaintiff, an employee of a plumbing subcontractor, was engaged in the digging of a trench when he was struck on the back of the head by a wooden four by four of a type used by Dic, the *concrete* subcontractor. At the time a nearby crane was engaged in the moving of such four by fours for Dic from one area of the building to another for the further pouring of concrete. Such being the case, the jury could have found that the plaintiff was injured as the result of Dic's negligence. Their right to so find was not substantially diminished by the presence of similar four by fours on a nearby street barricade erected for the plaintiff's safety, in view of the testimony that *concrete* was present on the wood in question. Circumstantial evidence is sufficient if it supports the inference of causation or negligence, even though it does not exclude the existence of remote possibilities that the injury was not caused by the defendant (*Dillon* v. *Rockaway Beach Hosp.*, 284 N. Y. 176, 179). Therefore, the judgment should be reversed insofar as it is in favor of the defendant Dic Concrete Corp. and a new trial granted as against that defendant.