**SCRANTON VOLUNTEER FIRE CO., Inc., Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant and Third-Party Plaintiff-Appellee,**

v.

**Allen E. JEWITT, Third-Party Defendant.**

**No. 77, Docket 71–1431.**

United States Court of Appeals, Second Circuit.

Argued Oct. 5, 1971.

Decided Oct. 26, 1971.

Kenneth W. Knapp, Hamburg, N. Y., for plaintiff-appellant.

Frederick D. Turner, Buffalo, N. Y. (Brown, Kelly, Turner, Hassett & Leach, Buffalo, N. Y., on the brief), for defendant and third-party plaintiff-appellee.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

In late 1965, plaintiff Scranton Volunteer Fire Co., Inc. secured from United States Fidelity and Guaranty Company (USF&G) a fidelity bond, effective January 1966, to cover plaintiff's treasurer, third-party defendant Allen E. Jewitt. Under this bond USF&G agreed to indemnify Scranton for any losses amounting to $4,000 that were sustained as a result of the fraudulent or dishonest acts of its treasurer. For this protection Scranton paid a $10 premium each year through 1969, when it discovered that its treasurer had misappropriated company funds every year since 1966. Asserting that the bond provided protection of $4,000 for each year it was in force, Scranton filed a claim with USF&G for $14,500: $4,000 for each of the years 1966, 1967 and 1968, and $2,500 for 1969. USF&G contended that its total liability under the bond was limited to $4,000.

Scranton thereupon commenced this action in the New York State Supreme Court for Erie County to recover on the bond. The case was removed to the United States District Court for the Western District of New York, where USF&G moved for summary judgment limiting Scranton's recovery under the bond to $4,000 and dismissing the remaining claims. Scranton cross-moved for partial summary judgment in the amount of $4,000 and otherwise opposed defendant's motion. Scranton alternatively requested leave to amend its complaint to allege a cause of action for reformation. Judge John T. Curtin granted USF&G's motion, ordered it to pay $4,000 to Scranton in return for a release, and denied Scranton's motion in all respects. Scranton appeals from that order.

The USF&G bond by its terms is of indefinite duration. Section 8 of the bond states:

## LIMIT OF LIABILITY

Section 8. Regardless of the number of years this bond shall continue in force and the number of premiums which shall be payable or paid, the Underwriter shall not be liable under this bond on account of any Employee for a larger amount in the aggregate than the amount stated opposite the Position occupied by such Employee in said Schedule, or for which added thereto.

The "amount stated opposite the Position occupied by such Employee in said Schedule" was $4,000. USF&G argues that this language explicitly limits its total liability to $4,000 regardless of how many years the bond is in effect. Scranton claims that the language is ambiguous and that if USF&G's reading is correct, the bond is unconscionable.

As to the claimed ambiguity, we reluctantly conclude that none exists. However we might be disposed to regard defendant's liability under a bond not containing the limitation set forth in section 8, see United States v. American Surety Co. of New York, 172 F.2d 135 (2d Cir. 1949), the meaning of that provision is clear. In this diversity case, the parties apparently assume, and we agree, that we are bound to follow New York law in interpreting this contract and ruling on Scranton's claim of violation of public policy. The New York cases involving similar bonds indicate that where, as here, the bond contains no specific expiration date and includes a provision, like section 8, which clearly limits the insurer's liability to a specified amount throughout the life of the agreement the courts will enforce the contract as limited. Compare In re Rising, 201 Misc. 869, 112 N.Y.S.2d 349

(1952); McCollom v. Aetna Casualty & Surety Co., 260 A.D. 1, 20 N.Y.S.2d 287 (2d Dep't 1940); and Russeks Fifth Ave., Inc. v. Aetna Casualty & Surety Co., App.Div., 265 N.Y.S. 953 (1st Dep't 1933), with Campbell Milk Co. v. United States Fidelity & Guaranty Co., 161 A.D. 738, 146 N.Y.S. 92 (2d Dep't 1914), and Hawley v. United States Fidelity & Guaranty Co., 100 A.D. 12, 90 N.Y.S. 893 (4th Dep't 1904), aff'd, 184 N.Y. 549, 76 N.E. 1096 (1906). Nor is New York law an aberration since this appears to be the weight of authority. See the scholarly opinion of Judge Washington in Columbia Hosp. v. United States Fidelity & Guaranty Co., 88 U.S.App.D.C. 251, 188 F.2d 654, cert. denied, 342 U.S. 817, 72 S.Ct. 31, 96 L.Ed. 618 (1951).

■ Scranton argues that if we hold that the bond was continuous rather than a series of one-year contracts and that the bond provided total protection of only $4,000, we will be enforcing a contract for which the insurer gave no consideration in return for premiums paid by the insured after the first year. If this were true, perhaps we would be justified in ignoring the older state court decisions and announcing new law based on modern concepts of fairness. But, as defendant's counsel points out, the indefinite term fidelity bond Scranton purchased has at least two distinct advantages over a series of bonds each for a fixed term of a year. First, the insured need not prove the specific year in which the losses occurred, which is sometimes difficult, but only that the losses were sustained within the indefinite term of the bond. Second, the insured will not lose his protection for any particular year because he fails to discover the loss until after the bond for that year has expired and the contractual limitations period for filing claims on that bond has run, as may happen under a limited term bond. Although the result in this case may seem harsh, we do not feel free to strain to anticipate changes in New York law in this highly regulated field. If this type of bond is regarded as open to criticism,

the remedy lies with the State legislature or the executive department regulating companies that issue such bonds.

■ Finally, on this record, the trial court did not abuse its discretion in denying Scranton's motion for leave to amend its complaint to allege a cause of action for reformation. In any event, the case principally relied upon by appellant on this issue, Broidy v. State Mutual Life Assur. Co., 186 F.2d 490 (2d Cir. 1951), is clearly distinguishable.

Judgment affirmed.