■ HOWARD JACKSON, Appellant v. LUDLOW MARINE CORP., Respondent.— Judgment, Supreme Court, New York County, entered on February 19, 1974, dismissing the complaint, unanimously reversed, on the law and on the facts, and vacated, and a new trial directed, with $60 costs and disbursements of this appeal to abide the event. In dismissing the complaint for failure to make out a prima facie case, the court stated that the testimony of plaintiff's witness, Miss Nazakubo, could not be afforded " any legal weight ". In our view this was error since truthfulness and reliability of the witness was for the jury to decide. On the record, the evidence was sufficient for a jury to find defend-

ant negligent in allowing the gasoline to overflow, thus creating a dangerous accumulation of vapors resulting in the explosion which injured plaintiff. (*Bailey* v. *Bethlehem Steel Co.*, 277 App. Div. 798, affd. 302 N. Y. 717.) This is so "even though it does not negative the existence of *remote* possibilities that the injury was not caused by the defendant or that defendant was not negligent." (*Spett* v. *President Monroe Bldg. & Mfg. Corp.*, 19 N Y 2d 203, 205; *Dillon* v. *Rockaway Beach Hosp. & Dispensary*, 284 N. Y. 176, 179.) Further, it was error for the court not to permit plaintiff to call an expert witness as to causation. (*Bailey* v. *Bethlehem Steel Co., supra.*) Concur — Stevens, J. P., Kupferman, Murphy, Lane and Nunez, JJ.